■ In the Matter of RONALD GOLDSTEIN et al., Respondents, v NEW YORK STATE INDUSTRIAL BOARD OF APPEALS et al., Appellants. [740 NYS2d 463] —Crew III, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered May 24, 2001 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Industrial Board of Appeals denying petitioners full access to the Log and Summary of Occupational Injuries and Illnesses.

Pursuant to the Occupational Safety and Health Act (29 USC § 651 et seq. [hereinafter OSHA]), states are required, as a condition to obtaining federal funding, to submit a plan for the development of occupational safety and health standards for public employees (see, 29 USC § 667 [b]). A state's plan in this regard will be approved if, inter alia, it "contains satisfactory assurances that such State will, to the extent permitted by its law, establish and maintain an effective and comprehensive occupational safety and health program applicable to all employees of public agencies of the State and its political subdivisions" (29 USC § 667 [c] [6]). To that end, such state plan must include or provide for the development or adoption of "standards which are or will be at least as effective as those promulgated under [the relevant provisions of OSHA]" (29 CFR 1956.10 [c]). In terms of recordkeeping, a state's plan must "provide assurances that public employers covered by the plan will maintain records and make reports on occupational injuries and illnesses in a manner similar to that required of private employers under [OSHA]" (29 CFR § 1956.10 [i]).

In accordance with the foregoing federal mandate, New York enacted the Public Employee Safety and Health Act (Labor Law § 27-a [hereinafter PESHA]). In so doing, it was the intent of the Legislature "to provide public employees with the same protections afforded by [OSHA] to private employees" (Hartnett v New York City Tr. Auth., 200 AD2d 20, 22-23, affd 86 NY2d 438). Thus, in accordance with PESHA, the State was required to "promulgate a plan for the development and enforcement of occupational safety and health standards with respect to public

employers and employees" (Labor Law § 27-a [3] [c]), and the Commissioner of Labor was required to adopt by rule "all safety and health standards promulgated under [OSHA] * * * in effect on the effective date of this section, in order to provide reasonable and adequate protection to the lives, safety and health of public employees" (Labor Law § 27-a [4]).

With regard to recordkeeping requirements, PESHA compels the Commissioner to "prescribe regulations requiring employers to maintain accurate records and to make public periodic reports of work-related deaths, and injuries and illnesses other than minor injuries requiring only first aid treatment and which do not involve lost time from work, medical treatment, loss of consciousness, restriction of work or motion or transfer to another job" (Labor Law § 27-a [9] [b]). To that end, the Commissioner promulgated 12 NYCRR part 801 which, inter alia, requires public employers to maintain a "[l]og and summary of occupational injuries and illnesses" (12 NYCRR 801.3). Specifically, each employer must enter each recordable occupational injury or illness (see, 12 NYCRR 801.2 [c]) on the "Log and Summary of Occupational Injuries and Illnesses" (see, 12 NYCRR 801.3 [hereinafter the log]) "as early as practicable, but no later than six working days after receiving information that a recordable injury or illness has occurred" (12 NYCRR 801.3 [b] [2]). The log, in turn, includes the ill, injured or deceased employee's case or file number, name, occupation and unit or section number, in addition to the date of the injury or onset of illness and a brief description thereof. Additionally, and as is pertinent to the instant appeal, such log "shall, upon request, be made available by the employer to any employee, former employee, and to their representatives, for examination and copying, in a reasonable manner and at reasonable times" (12 NYCRR 801.8 [b]).

In December 1998, petitioner Ronald Goldstein, an executive board member of the Public Employees Federation (hereinafter PEF), requested that respondent Department of Labor (hereinafter Department) provide PEF with an opportunity to examine and copy the most recent log, including the names of all injured employees, for 17 Department work sites in the New York City area. Such request was made pursuant to PESHA and the regulations promulgated under 12 NYCRR part 801. In February 1999, the Department agreed to provide limited access to the log. Specifically, the Department indicated that it would not release the relevant employees' names and would release the unit numbers and occupations of the subject employees only if confidentiality could be maintained. Addition-

ally, the Department agreed to release the information requested only to the PEF representative for each specific work site.

In response, Goldstein filed a complaint with the Public Employee Safety and Health Bureau (hereinafter Bureau) contending that the Department's refusal to provide unrestricted access to the entire log violated the relevant provisions of OSHA and PESHA. Thereafter, in September 1999, the Bureau determined that the underlying complaint was "not sustained," finding that access to the log was governed by 12 NYCRR 801.8 and the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). Goldstein appealed the Bureau's determination to respondent Industrial Board of Appeals (hereinafter the IBA) and a hearing ensued. Ultimately, in December 2000, the IBA affirmed the Bureau's determination, finding that the Department, as the relevant enforcement agency, was entitled in an exercise of its discretion to reasonably interpret the regulations contained in 12 NYCRR part 801. In so doing, the IBA essentially concluded that the confidentiality issues raised by the Department were legitimate and, in turn, provided a rational basis for the Department's decision to redact certain identifying information.

Goldstein and petitioner Roger E. Benson, president of PEF, thereafter commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the IBA's determination denying petitioners full access to the log in question. Supreme Court granted petitioners the requested relief finding, inter alia, that redacting certain identifying information from the log frustrated the underlying purpose for which the log was maintained. This appeal by respondents ensued.

We affirm, albeit for reasons somewhat different than those expressed by Supreme Court. Respondents initially contend that access to the log is governed solely by Labor Law § 27-a and the corresponding regulations embodied in 12 NYCRR part 801 and, as such, Supreme Court erred in evaluating the propriety of respondents' actions in light of OSHA and federal case law interpreting that statute. With that much of respondents' argument we agree. Petitioners requested access to the log under PESHA, and it is the terms of that statute that will control in determining whether petitioners indeed are entitled to unfettered access to the log in question.

We are not, however, persuaded that the Department, under the guise of exercising the discretionary authority generally vested in an administrative agency to construe and interpret its own statutes and regulations, is entitled to redact informa-

tion otherwise available for inspection under 12 NYCRR 801.8 (b). As noted previously, the cited regulation mandates that the log "shall, upon request, be made available by the employer to any employee, former employee, and to their representatives, for examination and copying, in a reasonable manner and at reasonable times" (12 NYCRR 801.8 [b]). Simply stated, there is nothing in the cited regulation or the enabling legislation that authorizes the Department to redact what it unilaterally has deemed to be confidential information. Although the regulation indeed speaks to making the log available "in a reasonable manner and at reasonable times" (*id.*), such qualifying language, in our view, refers merely to the process by which the log is made available and the timeliness of its production, not the substance of what is in fact produced.

Equally unpersuasive is respondents' assertion that, in construing the provisions of PESHA and the corresponding regulations, it was not only entitled but essentially compelled to redact certain identifying information in order to comply with the mandates of FOIL. As respondents argue in their brief, "even an agency regulation that provides for disclosure of certain records without any specific exceptions cannot trump the statutory dictates of FOIL and its exception for disclosures that would constitute an unwarranted invasion of personal privacy." We find this argument to be nothing short of specious. As a starting point, the subject regulation provides for disclosure of the log *without any exceptions*, and even a cursory review of Labor Law § 27-a fails to disclose any language suggesting that the Legislature intended either the statute or the implementing regulations to be construed in compliance with FOIL. Moreover, we simply cannot accept respondents' assertion that FOIL may or must be "read into" PESHA and the corresponding regulations (or any other statutory and/or regulatory provisions governing disclosure, for that matter), thereby circumscribing the information otherwise disclosable thereunder.

Finally, we are not persuaded that the recent amendments to OSHA, effective January 1, 2002, which exempt certain information from disclosure in "privacy concern cases," somehow validate respondents' decision to redact identifying information from the log. Although we are not unsympathetic to respondents' concerns with regard to the medical and other identifying information contained in the log at issue, the recent amendments to PESHA's federal counterpart plainly illustrate two key points. First, that under the federal scheme, with which any state plan must be in substantial compliance, there previ-

ously were no provisions for redacting or declining to disclose certain otherwise relevant information available under OSHA. Second, and perhaps more importantly, respondents' remedy in this regard lies not with this Court but, rather, with the Legislature in the form of an amendment to PESHA. Respondents' remaining arguments in support of reversal, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 188 Misc 2d 524.]