■ KATHLEEN LANDOR-ST. GELAIS, Appellant, v ALBANY INTERNATIONAL CORPORATION et al., Respondents. [763 NYS2d

---

369] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered April 3, 2002 in Washington County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff began working for defendant Albany International Corporation (hereinafter defendant) as a machine operator joiner in 1995. She did not have any children at that time. She had her first child in 1997 and returned to work after maternity leave. Because she was breast-feeding, she used a breast pump while at work to express milk to feed her child. In 1999, she had her second child. After returning from maternity leave, plaintiff continued to use a breast pump to express milk at work for the purpose of breast-feeding her second child. Plaintiff did not breast-feed either of her children at the workplace. Rather, she made it a practice to use the breast pump in a stall of the ladies bathroom and to store the milk for later use in a refrigerator used by all employees. She did so approximately every four hours during her shift while on company time. In April 2000, after complaints by her coworkers, plaintiff was informed by her supervisor and the manufacturing manager that defendant was implementing a lactation policy, which would require her to express her milk in the medical office during her regular break times and to store it in a refrigerator there. She was also given the alternate option of punching out to perform this function and working a longer shift.

In response, plaintiff filed a grievance claiming discrimination based upon gender and pregnancy. During the grievance process, defendant agreed to revise its policy by allowing plaintiff to utilize the ladies room to express her milk since she was uncomfortable in the medical office and suffered a decline in milk production as a result. Plaintiff ultimately withdrew the grievance and defendant formally implemented its policy, essentially mirroring the arrangement struck with plaintiff during the grievance process. In April 2001, however, plaintiff commenced this action against defendant and three of its corporate officers alleging a violation of Civil Rights Law § 79-e and a cause of action premised upon prima facie tort. Following service of an answer, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, resulting in this appeal.

Turning to plaintiff's first cause of action, Civil Rights Law § 79-e provides, in pertinent part, that "[n]otwithstanding any other provision of law, a mother may breast feed her baby in any location, public or private, where the mother is otherwise

authorized to be." The language of the statute unambiguously refers only to breast-feeding, not to expressing milk. We are "obligated to construe the statute so as to give effect to the plain meaning of the words" (*Cole v Mandell Food Stores*, 93 NY2d 34, 39 [1999]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 76, at 168) and to presume that the legislative intent is expressed therein (*see Matter of McCulloch v New York State Ethics Commn.*, 285 AD2d 236, 239 [2001]). If the Legislature had intended otherwise it could have easily included the expression of milk as an activity protected by the statute (*compare* Cal Labor Code §§ 1030, 1031; Conn Gen Stat § 31-40w; Ga Code Ann § 34-1-6; 820 Ill Comp Stat §§ 260/10, 260/15; Minn Stat Ann § 181.939). In any event, defendant's policy does not prohibit plaintiff from expressing milk by using a breast pump at work. Rather, it imposes what, in our view, are reasonable parameters on such activity in an effort to accommodate plaintiff, address the concerns of coworkers and maintain a productive work environment. Accordingly, we conclude that Supreme Court properly dismissed plaintiff's Civil Rights Law § 79-e cause of action.

Plaintiff's second claim, a cause of action for prima facie tort, requires a showing of "(1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise be lawful" (*Curiano v Suozzi*, 63 NY2d 113, 117 [1984]; *see Cavanaugh v Doherty*, 243 AD2d 92, 101 [1998]). "Such acts must be motivated solely by malevolence" (*Cavanaugh v Doherty, supra* at 101 [citation omitted]; *see Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 576 [1996]). Here, there is nothing in the record to support plaintiff's assertion that defendant acted with ill intent in implementing its lactation policy. The fact that this occurred shortly after she got into a verbal exchange with one of the managers about a counseling memorandum simply does not support the inference that defendant's action was motivated solely by malevolence. To the contrary, defendant's managers testified that other employees complained about plaintiff's use of the ladies room and the employee refrigerator, and felt that it was unfair that she got to leave the floor outside of break time to use her breast pump. Therefore, defendant's lactation policy clearly has a business-based justification. Accordingly, dismissal of the complaint in its entirety was appropriate.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.