■ In the Matter of the Claim of PETER F. WOJNAR, Appellant. COMMISSIONER OF LABOR, Respondent. [772 NYS2d 759]—

Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2002, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim pursuant to Labor Law § 527.

On this appeal, the parties dispute the meaning of Labor Law § 527 (2) (a), which, in relevant part, states: "An individual . . . files a valid original claim . . . by having been paid remuneration . . . during at least two calendar quarters of the base period, with remuneration of one and one-half times the high calendar quarter earnings within the base period and with at least one thousand six hundred dollars of such remuneration being paid during the high calendar quarter of such base period. For purposes of this section, the earnings in the high calendar quarter of the base period used in determining a valid original claim shall not exceed an amount equal to twenty-two times the maximum benefit rate as set forth in subdivision five of section five hundred ninety of this article for all individuals." Twenty-two times the maximum benefit rate of $405 is $8,910 and $1^1/_2$ times this amount is $13,365. Claimant earned $9,712.50 in the third quarter of 2001 and $4,097.50 in the fourth quarter and argues that his total remuneration of $13,810 validates his claim, a position with which the Administrative Law Judge agreed. The Unemployment Insurance Appeal Board reversed, ruling that the $8,910 cap is used both to determine the threshold to be met to establish a valid original claim and to calculate whether that threshold was exceeded. Thus, the Board added claimant's capped third quarter earnings of $8,910 to his fourth quarter earnings of $4,097.50, resulting in $13,007.50, less than the required $13,365 needed to file a valid original claim.

Claimant appeals, contending, first, that the Board incorrectly interpreted the statute by failing to use his actual earnings in calculating his eligibility for benefits, and second, that the Board's interpretation of this statute either constitutes de facto rulemaking, a legislative function, or invades the power reserved to the courts, and thereby exceeds the authority conferred on the Board. Deference is normally afforded to an administrative board's interpretation of a statute which it must implement when it involves an understanding of the board's operational practices or the application of facts. However, where, as in this case, an issue of statutory interpretation only is involved, the court may "ascertain the proper interpretation from the statutory language and legislative intent" (*Matter of*

*Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]; *see Matter of Allen [Commissioner of Labor]*, 100 NY2d 282, 286 [2003]; *Landor-St. Gelais v Albany Intl. Corp.*, 307 AD2d 671, 673 [2003]). The plain meaning of the beginning phrase of the second sentence—"[f]or purposes of this section"—is to make that sentence applicable to the entire section, thus capping "high calendar quarter earnings" at $8,910 to determine both whether a valid original claim exists and to calculate whether the claimant's earnings exceed that figure.

Claimant's second argument is wholly unpersuasive. The Board can appropriately construe and interpret those statutes and regulations which are relevant to the exercise of its authority (*see Matter of Goldstein v New York State Indus. Bd. of Appeals*, 292 AD2d 706, 708 [2002]; *Matter of AT&T Communications of N.Y. v Public Serv. Commn. of State of N.Y.*, 231 AD2d 155, 159 [1997], *lv denied* 91 NY2d 803 [1997]). Such statutory interpretation neither constitutes rulemaking nor invades the power of the courts.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.