■ Oscar C. Lerwick, Jr., Appellant, v Ralph E. Kelsey et al., Respondents, et al., Defendant. [807 NYS2d 147]—

Peters, J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 11, 2005 in Chenango County, which, inter alia, granted a motion by defendants Ralph E. Kelsey, Steven P. Krna and Ruth A. Smith to dismiss the complaint against them and/or for summary judgment.

This action is one of three actions pending before this Court (*Lerwick v Kelsey,* 24 AD3d 18 [2005] [decided herewith]; *Lerwick v Kelsey,* 24 AD3d 920 [2005] [decided herewith]). The facts underlying this matter are more fully set forth in one of those companion cases (*Lerwick v Kelsey, supra* [97673]). This third action based upon the same facts, alleges a prima facie tort. Plaintiff asserts that defendants Ralph E. Kelsey, Steven P. Krna and Ruth A. Smith (hereinafter collectively referred to as defendants) acted with "disinterested malevolence," causing him to be fired from his position as president of the Broome Cooperative Insurance Company. Plaintiff sought compensatory and punitive damages and defendants moved to dismiss the complaint for failure to state a cause of action and/or for summary judgment. Supreme Court dismissed the action. Upon this appeal, we affirm.

Accepting plaintiff's facts as true, and allowing for every favorable inference to determine whether any cognizable legal theory can be discerned (*see Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]), we agree that the pleadings are insufficient to set forth a cause of action for prima facie tort. That cause of action requires a showing of an intentional infliction of harm, without excuse or justification, by an act or series of acts that would otherwise be lawful (*see Freihofer v Hearst Corp.,* 65 NY2d 135, 142 [1985]). It must also be shown that there were special damages and that malevolence was the sole motivating factor (*see Burns Jackson Miller Summit &*

*Spitzer v Lindner,* 59 NY2d 314, 332-333 [1983]). The Court of Appeals has explained that " 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another' " (*id.* at 333, quoting *Beardsley v Kilmer,* 236 NY 80, 90 [1923]). Here, the record shows that plaintiff was an at-will employee. For that reason, there can be no viable claim for a wrongful discharge or breach of contract action against an employer and a prima facie tort claim cannot be utilized to circumvent the unavailability of those claims (*see Ingle v Glamore Motor Sales,* 73 NY2d 183, 188-189 [1989]; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303-304 [1983]; *LaDuke v Lyons,* 250 AD2d 969, 973 [1998]; *Boyle v Stiefel Labs.,* 204 AD2d 872, 876 [1994], *lv denied* 84 NY2d 803 [1994]). To the extent that the allegations were to show disinterested malevolence, their dismissal was warranted due to the qualified privilege which attached to defendants' communications due to their status as members of the board (*see Lerwick v Kelsey, supra* [97673]; *see also Liberman v Gelstein,* 80 NY2d 429, 437 [1992]).* We further find the specific allegations regarding the scheduling of board meetings or the critique of plaintiff's corporate plans and competence to be insufficient to dissolve the shield given from the qualified privilege on the grounds of malice (*see Burns Jackson Miller Summit & Spitzer v Lindner, supra* at 333; *Lerwick v Kelsey, supra* [97673]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Notably, defendants did specifically plead qualified privilege as an affirmative defense in their answer.