■ JOHN A. BECK, Appellant, v CORNELL UNIVERSITY, Respondent. [839 NYS2d 575]—

Kane, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 11, 2006 in Tompkins County, which granted defendant's motion to dismiss the complaint.

Plaintiff was a temporary, part-time employee in the dairy barns at defendant's Animal Science Teaching and Research Center. A population of feral cats had been living in the barns at the Center. Defendant initially provided food for the cats and paid for them to be spayed, neutered and vaccinated, but later decided to reduce the feral cat population based on health and safety reasons. In furtherance of this new policy, defendant instructed its employees, including plaintiff, not to feed the cats and it began to trap and disperse the cats. Plaintiff, feeling that defendant had a responsibility to nourish the cats, continued to feed the cats with cat food that he purchased. He placed a warning sign on the cat food that it was private property and should not be disturbed. Plaintiff also notified the local Society for the Prevention of Cruelty to Animals, which investigated and found no evidence of animal cruelty. Two days after a local newspaper published a letter sent by plaintiff accusing defendant of cruelty to the cats, defendant terminated plaintiff's employment based on insubordination.

Plaintiff commenced this action alleging negligence and prima facie tort. Supreme Court granted defendant's motion to dismiss the complaint for failure to state a cause of action, prompting this appeal. We affirm.

While depriving animals of food or drink or causing, procuring or permitting animals to be so deprived constitutes a misdemeanor (see Agriculture and Markets Law § 353), the Court of Appeals has held that Agriculture and Markets Law § 353 does

not confer a private right of action on individual citizens seeking civil relief (*see Hammer v American Kennel Club*, 1 NY3d 294, 299-300 [2003]). Contrary to plaintiff's contentions that defendant fired him in contravention of its own termination policy, documentary evidence in the form of defendant's human resources policies and the letter appointing plaintiff as a part-time, temporary employee establish that defendant retained the right to terminate part-time and temporary employees such as plaintiff at any time. Where documentary "evidence establishes a defense as a matter of law, dismissal is appropriate" (*Sanford v Colgate Univ.*, 36 AD3d 1060, 1061 [2007]).

We find no legal support for plaintiff's argument that he was entitled to be paid for the day that he was fired even though he did not work. Defendant's employees did not err in amending his time card to accurately reflect that he did not work that day.

Plaintiff's prima facie tort cause of action was also properly dismissed. An at-will employee has "no viable claim for a wrongful discharge or breach of contract action against an employer and a prima facie tort claim cannot be utilized to circumvent the unavailability of those claims" (*Lerwick v Kelsey*, 24 AD3d 931, 932 [2005]; *see Ingle v Glamore Motor Sales*, 73 NY2d 183, 188 [1989]). Even if such a cause of action were available to plaintiff, he failed to plead special damages, a necessary element (*see Cavanaugh v Doherty*, 243 AD2d 92, 101 [1998]; *see also Landor-St. Gelais v Albany Intl. Corp.*, 307 AD2d 671, 673 [2003]). Hence, Supreme Court properly dismissed the complaint.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.