Mughetti v Makowski (2018 NY Slip Op 04813)





Mughetti v Makowski


2018 NY Slip Op 04813


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

525836

[*1]DENISE MUGHETTI, Appellant,
v
KAREN R. MAKOWSKI, Respondent. (Action No. 1.)
DENISE MUGHETTI, Appellant,
v
CHEMUNG CANAL TRUST COMPANY, Respondent. (Action No. 2.)

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Pope, Schrader & Pope, LLP, Binghamton (Alan J. Pope of counsel), for appellant.
Sayles & Evans, Elmira (Conrad R. Wolan of counsel), for respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Shea, J.), entered January 25, 2017 in Chemung County, which granted defendants' motion for summary judgment dismissing the [*2]complaints.
Plaintiff was employed by defendant Chemung Canal Trust Company (hereinafter CCTC) as the manager of a bank branch office. On February 6, 2012, plaintiff made deposits of cash into two separate accounts held by family members, each in the amount of $10,000. CCTC monitors cash deposits to ensure compliance with federal law mandating that a currency transaction report (hereinafter CTR) be filed to report all cash deposits exceeding $10,000. On February 9, 2012, plaintiff made an additional deposit of $10,300 by check. Later that day, Meredith Tigue, CCTC's Bank Secrecy Act compliance officer, contacted plaintiff to explain that a CTR was required for the deposits that had been made three days earlier — even though each of the single deposits was below the threshold — because she had made multiple cash deposits in a single business day that totaled more than $10,000. Plaintiff did not mention the $10,300 deposit to Tigue, which was reversed after they spoke. On February 13, 2012, plaintiff made an additional $10,000 cash deposit.
In April 2013, plaintiff was placed on probation for 90 days for handling customer and bank cash without another person being present. After plaintiff made cash deposits of $10,000 in August 2013 and $5,000 in October 2013, CCTC conducted an investigation and terminated plaintiff's employment on October 28, 2013. Plaintiff then commenced separate actions against defendant Karen Makowski, CCTC's chief risk officer, and CCTC asserting claims for defamation and prima facie tort based on allegations that Makowski had informed other CCTC employees that plaintiff was structuring cash deposits, an illegal practice. After joinder of issue, defendants moved for summary judgment dismissing the complaints. Supreme Court granted defendants' motion and plaintiff appeals.
Supreme Court properly determined that the statements made by Makowski are protected by a qualified privilege. "A qualified privilege arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest. Such common interest may include statements to fellow employees on a subject concerning the employer" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1150 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 801 [2012]). The statements were made by Makowski to fellow employees, who shared a common interest in management of CCTC, including the responsibility for ensuring compliance with applicable governmental regulations [FN1]. Thus, defendants established that Makowski's statements [*3]were protected by the qualified privilege, thereby shifting the burden to plaintiff to prove that Makowski was motivated by malice alone when she made the statements (see id. at 1150; Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1106-1107 [2009]).
"Malice includes spite, ill will, knowledge that the statements are false or reckless disregard as to whether they are false. Spite and ill will refer to the speaker's motivation for making the allegedly defamatory comments, not to the defendant's general feelings about the plaintiff" (Curren v Carbonic Sys., Inc., 58 AD3d at 1106 [citation omitted]). Plaintiff failed to demonstrate that Makowski was motivated solely by malice. Plaintiff's reliance on the affidavit of Thomas Lamphere is misplaced because Lamphere, a retired bank officer, provided no support for his conclusory opinion that there was no reasonable basis for believing that plaintiff had engaged in cash structuring (see e.g. Grier v Johnson, 232 AD2d 846, 847 [1996]). Plaintiff does not dispute that she made the cash deposits that triggered CCTC's investigation. Thus, CCTC staff responsible for ensuring compliance with applicable governmental regulations shared a valid common interest in communicating about the fact that plaintiff had persisted in making large cash deposits and in considering whether she was attempting to evade the necessity of filing CTRs by structuring her deposits. The existence of a valid business reason for communicating about plaintiff's conduct was sufficient to establish that Makowski was not motivated solely by malice when she made the allegedly defamatory statements.
Plaintiff's prima facie tort claims were also properly dismissed. To the extent that they are founded upon the allegedly defamatory statements that were made by Makowski, the qualified privilege that attached to Makowski's statement also warrants dismissal of plaintiff's prima facie tort claims (see Lerwick v Kelsey, 24 AD3d 931, 932 [2005], lv denied 6 NY3d 711 [2006]). Further, a prima facie tort claim cannot be used to circumvent the fact that, as an at-will employee, plaintiff had no viable cause of action for wrongful discharge or breach of contract (see Beck v Cornell Univ., 42 AD3d 609, 610 [2007]; Lernick v Kelsey, 24 AD3d at 932).
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:Plaintiff's argument that defendants are liable for a defamatory statement that Makowski purportedly made to an Assistant Attorney General is not properly before this Court because it was waived by plaintiff's failure to plead, in either complaint, that Makowski published the alleged defamatory statement to anyone except CCTC employees (see Sanderson v Bellevue Maternity Hosp., 259 AD2d 888, 892 [1999]).