■ MARGARET ROBERTS, Appellant, v OELLRICH AND BEHLING, INC. et al., Respondents. [636 NYS2d 205] —Mikoll, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 26, 1994 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, an employee of defendant Peck's Market of Livingston Manor, Inc. (hereinafter Peck), was discharged by the store manager, defendant Richard Robinson, on April 2, 1993 after Robinson was advised that plaintiff had been observed by a fellow employee, defendant Susan Sikorski, on February 17, 1993 taking a six-pack of soda without paying for it. Plaintiff demanded and was granted a grievance hearing pursuant to Peck's employee handbook. Her termination was upheld, principally because plaintiff allegedly violated company policy by not attaching a receipt to the soda as evidence of payment.

Plaintiff sued defendants and alleged 11 causes of action sounding in, *inter alia*, libel, slander and wrongful discharge. Defendants moved to dismiss. Supreme Court treated the matter as a motion for summary judgment. After granting the parties time to address the summary judgment motion, the court granted summary judgment dismissing all causes of action against defendants on the merits after finding that plaintiff had failed to overcome the defense of qualified privilege and that no genuine issue of fact exists to justify a trial. Plaintiff appeals, as limited by her brief, the dismissal of eight of these causes of action.

All the causes of action that plaintiff claims were improperly dismissed are based upon comments and statements made by plaintiff's coemployees solely to each other in the context of the investigation leading to her discharge. Such communications are subject to a qualified privilege (*see, Liberman v Gelstein*, 80 NY2d 429). As such, Supreme Court properly held that the statements were entitled to a qualified privilege and plaintiff, if her lawsuit was to survive, was required to show

that they were published with actual malice (*see, Boyle v Stiefel Labs.*, 204 AD2d 872, 875, *lv denied* 84 NY2d 803). Plaintiff has failed to sustain her allegation of malice to overcome the privilege. There is no allegation that the statements were made to prospective employers. All of plaintiff's allegations are speculative at best and clearly insufficient to establish malice. The summary judgment motion of dismissal was therefore properly granted.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.