■ DANIEL GRIER, Appellant, v MARK S. JOHNSON et al., Respondents. [648 NYS2d 764] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered December 12, 1995 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On February 15, 1994, plaintiff, an employee of the State University of New York at Binghamton (hereinafter SUNY), was sitting in his vehicle outside the confines of the SUNY campus when he was approached by defendant Mark S. Johnson, a police officer with defendant Town of Vestal in Broome County. Johnson indicated that he was investigating a burglary and asked plaintiff and his passenger whether they had seen anything unusual. Johnson recognized plaintiff's passenger as an acquaintance from high school who had previously been arrested for a drug-related offense, and he asked the passenger whether he was still on parole.

In his amended verified complaint, plaintiff alleged that Johnson asked the passenger whether he was in possession of drugs and the passenger turned over marihuana that he had in his possession. Johnson did not bring criminal charges against plaintiff or his passenger as the result of this incident. However, plaintiff alleged that Johnson reported the incident via telephone to the Department of Safety on the SUNY campus (hereinafter SUNY Law Enforcement) and indicated that plaintiff and his passenger were known habitual marihuana users. Johnson also sent a copy of a report of the incident that he prepared for the Vestal Police Department to SUNY. This report stated that plaintiff had admitted to using marihuana on the date in question.

Plaintiff commenced this action by amended verified complaint, alleging, *inter alia*, that the statement that plaintiff was a known habitual marihuana user was made by Johnson with malice and with a reckless disregard for its truth or falsity. Similarly, plaintiff alleged that the statement in the written police report that plaintiff had admitted to smoking the marihuana on the date in question was false, was known by Johnson to be false, and was placed in the report with the sole intent of injuring plaintiff in his employment.

Thereafter, defendants filed a motion pursuant to CPLR 3212 for summary judgment dismissing the complaint. Supreme Court granted the motion, concluding that Johnson's com-

munications to SUNY Law Enforcement were subject to a qualified privilege because he was engaged in the performance of his duties as a police officer at the time of the incident. The court then determined that plaintiff failed to meet his burden of producing proof in an evidentiary form that Johnson had acted with actual malice. A judgment reflecting Supreme Court's decision and order was entered, which judgment included a provision for costs in the amount of $650. Plaintiff appeals.

Plaintiff first argues that Johnson's communications with SUNY Law Enforcement were not entitled to a qualified privilege. A qualified privilege arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest (*see, Paskiewicz v National Assn. for Advancement of Colored People*, 216 AD2d 550, 551, *lv denied* 87 NY2d 807; *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 258). The underlying rationale of this "common interest" privilege is that "so long as the privilege is not abused, the flow of information between persons sharing a common interest should not be impeded" (*Liberman v Gelstein*, 80 NY2d 429, 437).

Plaintiff argues that Johnson's statement to SUNY Law Enforcement that he had admitted to marihuana use was not the subject of a qualified privilege because it was made in bad faith and outside the proper scope of his police duties. Plaintiff produced an affidavit from an instructor of police ethics and police operations to the effect that Johnson, a member of the Broome County Narcotics Task Force, should not have reported the incident to SUNY Law Enforcement because the Code of Ethics for the Town of Vestal Police Department provides that an officer shall not disclose confidential information obtained during the course of his or her duties, and contacts involving drugs by a member of the Task Force are "normally" kept confidential.

We find that this broad and conclusory statement does not defeat defendants' claim of qualified privilege. Plaintiff has failed to produce proof in an evidentiary form that an encounter of the type at issue here, which did not even result in the filing of criminal charges, would "normally" be kept confidential. By contrast, defendants have produced proof in an evidentiary form that it is standard police procedure for such information to be shared and that SUNY Law Enforcement had specifically requested the Town of Vestal Police

Department to be alert to illicit drug use among SUNY employees. Courts have given the qualified privilege broad application precisely because of society's interest in fostering the free exchange of information among parties sharing a common interest. On the facts before us, we conclude that the Town of Vestal Police Department and SUNY Law Enforcement shared such an interest and that Johnson's communication of information regarding his encounter with plaintiff consequently falls squarely within the qualified privilege.

In order to overcome the qualified privilege, a plaintiff must demonstrate by tender of proof in evidentiary form that a defendant acted with malice (*see, Foster v Churchill*, 87 NY2d 744, 751; *Liberman v Gelstein*, 80 NY2d 429, 437, *supra*; *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 259, *supra*; *Santavicca v City of Yonkers*, 132 AD2d 656, 657). The term "malice" has come to have a dual meaning and a showing of either will suffice to defeat a claim of qualified privilege (*Liberman v Gelstein, supra*, at 437-438). At common law, malice meant spite or ill-will (*supra*, at 437). This spite or ill-will refers to the speaker's motivation for making the allegedly defamatory comment and not to the speaker's feelings about the plaintiff (*supra*, at 439). A triable issue is raised only if a jury could reasonably conclude that "malice was the one and only cause for the publication" (*Stukuls v State of New York*, 42 NY2d 272, 282). Malice has also come to mean " 'knowledge that [the statement] was false or * * * reckless disregard of whether it was false or not' " (*Liberman v Gelstein, supra*, at 438, quoting *New York Times Co. v Sullivan*, 376 US 254, 279-280). Under this standard, plaintiff must demonstrate that the statements were made with a " 'high degree of awareness of their probable falsity' " (*supra*, at 438, quoting *Garrison v Louisiana*, 379 US 64, 74).

Plaintiff makes several arguments in support of his claim that Johnson acted with actual malice, or, at the very least, that the question of malice should go to the jury. He contends that Johnson's activities were so far outside the scope of his duties as a police officer that actual malice can be inferred. This argument is unavailing. This claim does not serve as proof in an evidentiary form that Johnson acted either with ill-will or with reckless disregard for the truth.

Plaintiff also claims that the hostile tone of the encounter serves as evidence of Johnson's spite and ill-will. However, as noted above, the relevant inquiry is not Johnson's general feelings toward plaintiff but Johnson's motivation for making the statement. Even if a jury could infer from the evidence in this

case that Johnson bore plaintiff ill-will, plaintiff has made absolutely no evidentiary showing that Johnson was motivated by malice *alone* in communicating to SUNY Law Enforcement that plaintiff had admitted to smoking marihuana. Conclusory allegations of malice, or charges based upon surmise, conjecture or suspicion, will not defeat a claim of qualified privilege (*Paskiewicz v National Assn. for Advancement of Colored People*, 216 AD2d 550, 551, *supra*).

Finally, plaintiff argues that Johnson acted maliciously by failing to administer a field sobriety test in order to verify his suspicions that plaintiff had been smoking marihuana (*see, Sweeney v Prisoners' Legal Servs.*, 84 NY2d 786, 793). However, the Court of Appeals has stated that a failure to investigate the truth, standing alone, does not establish actual malice (*supra*, at 793). In order to demonstrate actual malice, the plaintiff must produce evidence that the speaker's failure to investigate evinced a deliberate intent to ignore the truth or a " 'purposeful avoidance' " of the truth (*supra*). In this case, defendants produced Johnson's deposition testimony that he had smelled marihuana as he approached plaintiff's vehicle and had observed that plaintiff's eyes were bloodshot, that his breath smelled of marihuana and that he appeared nervous. Johnson also testified that he seized a quantity of marihuana and a warm pipe from plaintiff's passenger. On this record, plaintiff's claim that Johnson's failure to administer a field sobriety test represents a "purposeful avoidance" of relevant facts is completely conclusory and does not suffice to avoid dismissal on a summary judgment motion (*see, Bassim v Howlett*, 191 AD2d 760, 763).

Plaintiff also claims that the Broome County Clerk should not have entered a judgment that included costs in the amount of $650. This argument is also without merit. CPLR 8101 provides that the prevailing party is entitled to costs unless the court determines that it would not be equitable to allow them under all of the circumstances. Defendants prevailed in Supreme Court and the court did not indicate that an award of costs would be inequitable. Consequently, defendants were entitled to costs upon the entry of judgment (*see, Olmstead v Federated Dept. Stores*, 208 AD2d 979, 982, *lv denied* 85 NY2d 811).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with costs.