■ WILLIAM M. CHRISTENSON et al., Appellants-Respondents, v JOSEPH C. GUTMAN, JR. et al., Respondents-Appellants. [671 NYS2d 835] —Spain, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered March 13, 1997 in Albany County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion seeking leave to discontinue the second cause of action without prejudice.

The parties herein own adjacent parcels of land in the Town of Bethlehem, Albany County. Following numerous allegations of harassment and reports to police by both parties, plaintiffs commenced the instant action in February 1996 alleging five causes of action for abuse of legal process, Federal civil rights violations pursuant to 42 USC § 1983, prima facie tort, defamation and private nuisance. In answering, defendants denied the majority of the allegations, asserted an affirmative defense of failure to state a cause of action and counterclaimed against plaintiff William M. Christenson for damage to defendants' fence. In May 1996, plaintiffs provided a response to the demand for a bill of particulars and were deposed. Defendants thereafter moved for summary judgment dismissing the complaint for failure to state a cause of action. Plaintiffs cross-moved for a discontinuance of the second (Federal civil rights) cause of action without prejudice pursuant to CPLR 3217 (b) and for leave to serve an amended complaint pursuant to CPLR 3025 (b); notably, plaintiffs did not oppose the dismissal with prejudice of the first (abuse of process) and third (prima facie tort) causes of action. In seeking to amend the complaint, however, plaintiffs sought to add causes of action for malicious prosecution and intentional infliction of emotional distress, as

well as to join co-owners of plaintiffs' property as plaintiffs with regard to the fifth (private nuisance) cause of action.

Supreme Court granted defendants' motion for summary judgment dismissing the first, third, fourth and fifth causes of action of the original complaint, finding the claims legally insufficient. With regard to plaintiffs' cross motion, the court granted the motion to discontinue the second cause of action without prejudice, but denied the motion for leave to amend and supplement the complaint; specifically, in denying plaintiffs' cross motion for leave to amend, the court found that the co-owners of plaintiffs' property would be proper plaintiffs if it were to allow the private nuisance claim, but, as the private nuisance claim was without merit, that portion of the motion must be denied. Furthermore, the court found that plaintiffs failed to demonstrate that they had actually suffered severe emotional distress and, therefore, also denied leave to amend for intentional infliction of emotional distress. Plaintiffs appeal from that portion of Supreme Court's order which granted defendants' motion for summary judgment dismissing the original fourth and fifth causes of action for defamation and private nuisance, as well as from the denial of their cross motion for leave to amend. Defendants cross-appeal from that portion of said order which granted plaintiffs leave to discontinue the second cause of action without prejudice.

Initially, we conclude that Supreme Court properly granted plaintiffs' cross motion pursuant to CPLR 3217 for a voluntary discontinuance without prejudice. CPLR 3217 (b) provides that, upon an order of the court, an action may be voluntarily discontinued "upon terms and conditions, as the court deems proper". Absent a showing of special circumstances, including prejudice or other improper consequences, a motion for voluntary discontinuance is generally granted (*see, Tucker v Tucker*, 55 NY2d 378, 383-384; *Mancinelli v Mancinelli*, 228 AD2d 747). The authority to grant or deny a motion pursuant to CPLR 3217 (b) is within the sound discretion of the trial court (*see, Tucker v Tucker, supra*, at 383; *Mancinelli v Mancinelli, supra*, at 747). Upon our review of the record, we agree with Supreme Court that defendants failed to provide any evidence of prejudice that would outweigh the prejudice to plaintiffs in being prohibited from bringing their claim in the future.

Next, we conclude that Supreme Court did not err in granting defendants' motion for summary judgment with regard to the causes of action sounding in defamation and private nuisance. "A qualified privilege arises when a person makes a good-faith, bona fide communication upon a subject in which

he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (*Grier v Johnson*, 232 AD2d 846, 847 [citations omitted]; *see, Toker v Pollak*, 44 NY2d 211, 219). Such privilege has broad application (*see, Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 259), but if abused will no longer be applicable (*see, Grier v Johnson, supra*, at 847; *see also, Liberman v Gelstein*, 80 NY2d 429, 437). If a plaintiff can show that the statement was made with malice by producing evidence of a deliberate intent to ignore or avoid the truth, the privilege will be defeated (*see, Grier v Johnson, supra*, at 848; *see also, Toker v Pollak, supra*, at 219; *Whelehan v Yazback*, 84 AD2d 673, 674). However, "[c]onclusory allegations of malice, or charges based upon surmise, conjecture or suspicion, will not defeat a claim of qualified privilege" (*Grier v Johnson, supra*, at 849).

Here, defendant Carol-Lisa Gutman allegedly told a neighbor that William Christenson had yelled at and struck the neighbor's child. This report was investigated by the neighbor and apparently was unfounded. In addition, calls were made by an unidentified caller to the local Department of Social Services alleging that plaintiffs were abusing or maltreating their children. Such allegations were determined to be unfounded and, as a result, the reports in this regard were sealed. Plaintiffs also alleged that defendants sent defamatory letters to the Chief of Police and the local prosecutor. Here, however, Supreme Court properly found that the "common interest" exception applied to the facts of this case. Therefore, plaintiffs' conclusory and speculative allegations that defendants acted with malice were insufficient to overcome this qualified privilege (*see, id.*, at 849). As plaintiffs did not submit any evidence of malice or intentional disregard for the truth (*see, Feldschuh v State of New York*, 240 AD2d 914, 915; *see also, Liberman v Gelstein, supra*, at 439), we conclude that Supreme Court did not abuse its discretion in granting summary judgment in favor of defendants on the defamation cause of action.

We also reject plaintiffs' contention that Supreme Court improperly granted summary judgment dismissing their cause of action for private nuisance. Nuisance involves the interference with the use or enjoyment of one's land by annoyance, inconvenience or injury (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 567-569). Such interference can be either intentional and unreasonable or negligent and reckless (*see, id.*, at 569-570). In addition, the interference must be substantial and can be caused by an individual's actions or failure to

act (*see, id.,* at 570; *see also, Langan v Bellinger,* 203 AD2d 857, 857-858). An individual's conduct becomes actionable when it is purposeful or the resulting interference is known or substantially certain to result (*see, Copart Indus. v Consolidated Edison Co., supra,* at 571). A plaintiff must, however, come forward with proof sufficient to demonstrate a triable issue of fact to avoid summary judgment (*see, Langan v Bellinger,. supra,* at 858). Here, there was no indication that plaintiffs were prohibited from using or enjoying their property or that defendants exercised unreasonable control over the property. In addition, as defendants' fence did not interfere with plaintiffs' right to light or air, such allegations did not form a sufficient basis for a private nuisance claim (*see,* RPAPL 843; *see also,* RPAPL 841).

Next, we also conclude that Supreme Court properly denied plaintiffs' cross motion for leave to amend to include a cause of action for intentional infliction of emotional distress and malicious prosecution. Although leave to amend is to be freely given (*see,* CPLR 3025 [b]), the decision to allow a party leave to amend is within the discretion of the court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Murray v City of New York,* 43 NY2d 400, 404-405) and "the exercise of [such discretion] will not lightly be set aside" (*Mathiesen v Mead,* 168 AD2d 736). A plaintiff, therefore, must provide some evidence which supports the underlying cause of action (*see, id.,* at 737).

In a cause of action for intentional infliction of emotional distress a plaintiff must plead and prove four elements, including, extreme and outrageous conduct, the intentional or reckless nature of such conduct, a causal relationship between the conduct and the resulting injury, and severe emotional distress (*see, Howell v New York Post Co.,* 81 NY2d 115, 121, *mod* 82 NY2d 690; *Fischer v Maloney,* 43 NY2d 553, 557; *see also, Klinge v Ithaca Coll.,* 235 AD2d 724, 727). The conduct in question must transcend all bounds of decency and "be regarded as atrocious and utterly intolerable in a civilized community" (*Klinger v Ithaca Coll., supra,* at 727; *see, Howell v New York Post Co., supra,* at 122; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). Furthermore, a plaintiff must demonstrate that, as a result of the defendant's actions, he or she "actually suffered severe emotional distress" (*Klinge v Ithaca Coll., supra,* at 727). In their motion to amend, plaintiffs clearly failed to meet their burden of establishing that they suffered severe emotional distress as a result of defendants' actions (*see, id.,* at 727-728). While the alleged conduct may have

exceeded the bounds of decency within a civilized society, plaintiffs' failure to submit medical evidence or the need to seek medical attention resulted in conclusory or speculative allegations that were properly dismissed on summary judgment (*see, Glendora v Walsh*, 227 AD2d 377, 377-378, *lv denied* 88 NY2d 812, *cert denied* 519 US 1122; *Erani v Flax*, 193 AD2d 777).

Finally, we agree with Supreme Court that the adjournment in contemplation of dismissal (hereinafter ACOD) disposition barred recovery for malicious prosecution as it was not a determination of guilt or innocence. The record reveals that William Christenson was charged with harassment in the second degree in violation of Penal Law § 240.26 (3) and thereafter entered a plea for a one-year ACOD with a concurrent one-year order of protection regarding defendants; after six months, however, the charge appears to have been dismissed *sua sponte* in the local Justice Court. Clearly, it is the plaintiff's burden to demonstrate that there was a termination in his or her favor which involved a disposition on the merits and indicates his or her innocence (*see, MacFawn v Kresler*, 88 NY2d 859, 860); a dismissal on procedural grounds is insufficient (*see, id.*, at 860). An ACOD is neither an acquittal nor a conviction (*see, Hollender v Trump Vil. Coop.*, 58 NY2d 420, 423; *see also*, CPL 170.55 [2]) and, therefore, the court properly denied plaintiffs' cross motion to amend in this regard.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.