■ JANE SANDERSON, Appellant, v BELLEVUE MATERNITY HOSPITAL, INC., Doing Business as BELLEVUE HOSPITAL, et al., Respondents. [686 NYS2d 535] —Spain, J. Appeal from that part of an order of the Supreme Court (Keegan, J.), entered August 18, 1998 in Albany County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was an employee at-will of defendant Bellevue Maternity Hospital, Inc. from 1982 until January 1996. On January 19, 1996 plaintiff was removed by her supervisor, defendant Susan Fraley, from her position as Administrative Patient Care Coordinator. The removal was based upon the allegation of plaintiff's subordinate co-worker (hereinafter the co-worker) that plaintiff had harassed her by repeatedly questioning her regarding an alleged relationship the co-worker had with a Bellevue staff physician. Fraley prepared and provided plaintiff with a "Disciplinary Warning Notice and Action Taken" form (hereinafter the Discipline-Action Notice) detailing the co-worker's claim of verbal harassment. Plaintiff declined Fraley's offer of a staff nurse position and ceased to be employed by Bellevue.

Plaintiff commenced this action alleging against the co-worker (1) a cause of action for defamation based upon the co-

---

worker's statements concerning plaintiff's alleged harassment of her, which plaintiff alleged were false, and (2) that the co-worker's defamatory statements constituted tortious interference with plaintiff's employment contract with Bellevue. Plaintiff's first cause of action against Bellevue and Fraley (hereinafter collectively referred to as defendants) alleged that Fraley's statements, adopting and ratifying the co-worker's statements, were made within the scope of her employment with Bellevue and were false and defamatory. Finally, plaintiff alleged a second cause of action against Bellevue alone based upon a wrongful discharge theory. Plaintiff denied that she ever harassed the co-worker.

Supreme Court denied the co-worker's motion for summary judgment dismissing plaintiff's two causes of action against her, finding questions of fact regarding whether the co-worker's statements were made with awareness of their falsity and thus not entitled to the qualified privilege she asserted, and whether the co-worker's statements constituted fraudulent representations. The co-worker has not appealed. Supreme Court, however, granted defendants' motion to dismiss the defamation cause of action, determining that Fraley's statements were protected by the qualified privilege which plaintiff failed to overcome by proof of actual malice by either Fraley or Bellevue. The court also dismissed plaintiff's wrongful discharge claim asserted against Bellevue, finding that plaintiff failed to overcome the presumption of at-will employment. Plaintiff now appeals the dismissal of her causes of action against defendants, although she does not raise any issues directed to the dismissal of her wrongful discharge claim against Bellevue.

We affirm. We reject plaintiff's contention that Supreme Court erred in concluding as a matter of law that Fraley's statements concerning plaintiff were protected by a qualified privilege which she failed to overcome with proof of actual malice. Under the principle that "the flow of information between persons sharing a common interest should not be impeded" (*Liberman v Gelstein*, 80 NY2d 429, 437), a qualified "common interest" privilege arises "when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (*Grier v Johnson*, 232 AD2d 846, 847; *see, Liberman v Gelstein, supra*, at 437; *Stillman v Ford*, 22 NY2d 48, 53; *see also, Paskiewicz v National Assn. for Advancement of Colored People*, 216 AD2d 550, 551, *lv denied* 87 NY2d 807). Qualified privilege has been applied to statements among

employees of an organization in furtherance of the common interest of their employer (*see, Loughry v Lincoln First Bank*, 67 NY2d 369, 376; *Rabideau v Albany Med. Ctr. Hosp.*, 195 AD2d 923, 924-925).

"In order to overcome the qualified privilege, a plaintiff must demonstrate by tender of proof in evidentiary form that a defendant acted with malice" (*Grier v Johnson, supra*, at 848). To demonstrate what has become known as constitutional malice, plaintiff must show that Fraley acted with knowledge that her statements were false or with reckless disregard of whether they were false, i.e., that the statements were made with a " 'high degree of awareness of their probable falsity' " (*Liberman v Gelstein, supra*, at 438, quoting *Garrison v Louisiana*, 379 US 64, 74; *see, Grier v Johnson, supra*, at 848) or that Fraley entertained serious doubts as to their truth (*see, Sweeney v Prisoners' Legal Servs.*, 84 NY2d 786, 793). Common-law malice, which will also defeat a qualified privilege, requires proof that the speaker was motivated solely by spite or ill will (*see, Grier v Johnson, supra*, at 848; *see also, Liberman v Gelstein, supra*, at 437-438).

In support of her claim that a question of fact exists as to whether Fraley acted with reckless disregard for the truth or falsity of her statements concerning plaintiff, plaintiff points to Fraley's failure to verify or investigate the truth of her remarks and refusal to listen to plaintiff's explanation, arguing that she "purposefully avoided" the truth (*see, Sweeney v Prisoners' Legal Servs., supra*, at 793). However, "the failure to investigate its truth, standing alone, is not enough to prove actual malice even if a prudent person would have investigated before publishing the statement" (*id.*, at 793; *see, Grier v Johnson, supra*, at 849), unless it evinces a deliberate intent to avoid the truth (*see, Sweeney v Prisoners' Legal Servs., supra*, at 793).

Upon our review of the record, we agree with the conclusion reached by Supreme Court that there was insufficient evidence tendered to demonstrate either that defendants knew that the relevant statements were false, that defendants had a high degree of awareness of their probable falsity, or that they entertained serious—or any—doubts as to their truth so as to warrant submission of the issue of malice to a jury and defeat defendants' summary judgment motion (*see, id.*, at 792-793; *Liberman v Gelstein, supra*, at 438-439). Indeed, Fraley testified that she believed the accusations to be true and based the dismissal decision on the co-worker's perception of harassment by plaintiff, who was her supervisor. While Fraley may have made the statements in the Discipline-Action Notice without

actual knowledge of their truth, the uncontroverted evidence is that she presumed them to be truthful (*see, Foster v Churchill*, 87 NY2d 744, 752). The Court of Appeals has noted that there is a "critical distinction between lacking knowledge of a statement's falsity and being aware that it is probably false or entertaining serious doubts about its truth" (*Sweeney v Prisoners' Legal Servs., supra*, at 793; *see, Liberman v Gelstein, supra*, at 438). Under these circumstances, Fraley's alleged failure to investigate the co-worker's claims and listen to plaintiff's version of the events was, at most, negligent and did not constitute a reckless disregard for the truth which could rise to the level of actual malice so as to create a question of fact in that regard (*see, Sweeney v Prisoners' Legal Servs., supra*, at 794). The uncontroverted evidence is that Fraley's statements contained in the Discipline-Action Notice "were communicated to and reviewed only by a limited number of people in [h]ospital management" who, along with Fraley, "were not obliged to accept plaintiff's exculpatory [or contradictory] explanation" (*Rabideau v Albany Med. Ctr. Hosp.*, 195 AD2d 923, 925, *supra*; *see, Roberts v Oellrich & Behling*, 223 AD2d 860, 860-861).

Thus, Fraley demonstrated that her statements repeating the co-worker's complaints communicated by her in her capacity as an employee, i.e., the Director of Patient Services, "about legitimate issues related to [ ] hospital business", as Supreme Court aptly concluded, are afforded the protection of a qualified privilege (*see, Grier v Johnson, supra*, at 847-848; *see also, Roberts v Oellrich & Behling, supra*, at 860) which plaintiff failed to overcome by submitting evidence to sustain her conclusory and speculative allegations of constitutional or common-law malice (*see, Grier v Johnson, supra*, at 849; *see also, Roberts v Oellrich & Behling, supra*, at 860-861; *Rabideau v Albany Med. Ctr. Hosp., supra*, at 925). Thus, plaintiff's defamation claim against Fraley was properly dismissed.

Plaintiff next contends that dismissal of her claim against Bellevue for compensatory and punitive damages for defamation, premised upon Fraley's conduct within the scope of her employment and as plaintiff's supervisor in making defamatory statements and ratifying the co-worker's accusations against plaintiff, was improper. In so arguing, plaintiff proceeds on the theory of Bellevue's vicarious liability as employer for the alleged defamatory statements of its supervisor, Fraley, who in her employ adopted and ratified the accusations of an employee as her own and on behalf of Bellevue (*see, Loughry v Lincoln First Bank, supra*, at 378). The doctrine of respondeat

superior renders an employer vicariously liable for a tort committed by its employee while acting in the scope of employment (*see, Riviello v Waldron*, 47 NY2d 297, 302). However, plaintiff's contentions in this regard necessarily rest on the erroneous supposition, already rejected by this Court, that plaintiff submitted proof to overcome the qualified privilege attaching to Fraley's statements. Having determined that Fraley's statements reiterating and adopting the co-worker's claims of harassment in the Discipline-Action Notice are not actionable, i.e., were sheltered by a qualified privilege applicable to statements among employees in furtherance of the common interest of their employer (*see, Liberman v Gelstein*, 80 NY2d 429, 437, *supra; Loughry v Lincoln First Bank, supra*, at 376), we likewise conclude that Bellevue as employer cannot be held liable to plaintiff for these same nonmalicious, privileged statements under the doctrine of respondeat superior (*see, Roberts v Oellrich & Behling, supra*, at 860; *McDowell v Dart*, 201 AD2d 895; *Rabideau v Albany Med. Ctr. Hosp., supra*, at 925; *Williams v Tritschler*, 184 AD2d 690, 691).

Further, plaintiff's arguments addressed to the issue of Bellevue's vicarious liability for the defamatory statements *of the co-worker* are not properly before this Court as plaintiff failed to plead this tort theory in her complaint, thus waiving it (*see, Howe v Village of Trumansburg*, 199 AD2d 749, 752, *lv denied* 83 NY2d 753). The only theory of vicarious liability alleged in the complaint against Bellevue is contained in paragraph 61 of the complaint and is premised upon *Fraley's* actions and statements. The sole reference to the *co-worker's* alleged defamatory statements in the two causes of action asserted against Bellevue and Fraley is contained in paragraph 61 of the complaint. That paragraph alleges only Fraley's own direct liability for defamation based upon her adoption and ratification of the co-worker's alleged defamatory statements. Even liberally construing the pleadings (*see*, CPLR 3026), we conclude that plaintiff failed to state any cause of action against Bellevue under the doctrine of respondeat superior for the co-worker's alleged defamatory statements. Thus, Supreme Court did not err in failing to address this claim or in dismissing plaintiff's defamation cause of action against Bellevue and Fraley in its entirety.

Finally, plaintiff's failure to address the dismissal of her wrongful discharge claim against Bellevue in her appellate brief constitutes an abandonment of that issue (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1). In any event, we conclude that Supreme Court

correctly determined that plaintiff failed to rebut the presumption that her employment was at-will and thus terminable at any time without cause (*see, Sabetay v Sterling Drug*, 69 NY2d 329, 333; *Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d 750, 753-754, *lv denied* 91 NY2d 802). Since there is generally no cause of action in this State for wrongful discharge of an at-will employee (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 297), and as none of the recognized exceptions to that rule are applicable, plaintiff's wrongful discharge claim against Bellevue was properly dismissed.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.