■ OSCAR C. LERWICK, JR., Appellant, v STEVEN P. KRNA, Respondent. [815 NYS2d 767]—

Peters, J. Appeals (1) from an order of the Supreme Court (Dowd, J.), entered September 20, 2005 in Chenango County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

This action is one of three actions pending before this Court (*Lerwick v Smith*, 29 AD3d 1209 [2006] [decided herewith]; *Lerwick v Kelsey*, 29 AD3d 1210 [2006] [decided herewith]), and this is the second time that plaintiff has sought our review on issues arising from the same set of facts concerning defendant, Ruth Smith and Ralph Kelsey (*Lerwick v Kelsey*, 24 AD3d 918 [2005], *lv denied* 6 NY3d 710 [2006]; *Lerwick v Kelsey*, 24 AD3d 920 [2005], *lv denied* 6 NY3d 711 [2006]; *Lerwick v Kelsey*, 24 AD3d 931 [2005], *lv denied* 6 NY3d 711 [2006]).

Plaintiff was president of what is now the Broome Cooperative Insurance Company (hereinafter BCIC) and, in that capacity, served with defendant, Kelsey and Smith as a member of its Board of Directors; Kelsey eventually became the chairperson and Smith became its secretary. Plaintiff alleged that at various board meetings in which he was not present, Kelsey belittled and criticized his job performance to defendant and Smith. He further asserted that defendant republished Kelsey's comments and disseminated those words to other board members. Finally, he alleged that Kelsey accused him of deception and staff intimidation, with both Smith and defendant "convey[ing] and participat[ing] in" the claimed defamation.

Defendant, Kelsey and Smith, each in their respective actions, moved for an order dismissing what are essentially identical complaints. In an order dated December 23, 2004, Supreme Court dismissed all but three paragraphs of these complaints for defendant and Kelsey, and all but one paragraph for Smith, reasoning that the remaining allegations stated a claim for slander per se. Recognizing that their assertion of the affirmative defense of a qualified, common interest privilege could not be considered on a dismissal motion, Supreme Court did not address their proffered defense. No appeals were taken from those orders.

While defendant, Kelsey and Smith had appeals pending

regarding prior orders from Supreme Court based upon these same facts (*Lerwick v Kelsey*, 24 AD3d 918 [2005], *supra*; *Lerwick v Kelsey*, 24 AD3d 920 [2005], *supra*; *Lerwick v Kelsey*, 24 AD3d 931 [2005], *supra*), they each individually moved for summary judgment on the remaining allegations in their respective complaints, now proffering the affirmative defense of qualified privilege. In each action, Supreme Court found the privilege to have been properly asserted, concluded that plaintiff failed to demonstrate a triable issue of fact, and dismissed the complaints against all three of these board members in their entirety. Plaintiff appeals from the order granting defendant's motion and from the judgment entered thereon.[1]

"A qualified privilege arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (*Grier v Johnson*, 232 AD2d 846, 847 [1996] [citations omitted]; *see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Demas v Levitsky*, 291 AD2d 653, 661 [2002], *lv dismissed* 98 NY2d 728 [2002]). The remaining allegations asserted that Kelsey accused plaintiff of deceiving the board by failing to disclose certain business-related information concerning a possible merger and of intimidating certain BCIC staff members. It was further alleged that both defendant and Smith took part in conveying this information to others and that Kelsey not only accused plaintiff of deviating from the BCIC's written policies, but also that defendant and Smith "brought [this claim] to the attention of various people." Finally, plaintiff alleged that Kelsey, by informing the board that BCIC had been sued for $20 million dollars, insinuated that plaintiff had mismanaged BCIC, and that both defendant and Smith expressed Kelsey's statements to other employees and board members.

Defendant, as well as Kelsey and Smith, maintain that any statements spoken were true and, in any event, were made in good-faith in connection with their fiduciary responsibility to BCIC. The details and basis for each of their statements are set forth in their supporting affidavits. Finding that each have sustained their burden of demonstrating that their statements were protected by a qualified privilege (*see Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 889-890 [1999]), "the burden then shift[ed] to . . . plaintiff to demonstrate that [they] spoke with malice, either under the common-law or constitutional standard" (*Demas v Levitsky*, *supra* at 661-662). "Under

---

1. While plaintiff also appeals from a subsequent judgment awarding costs, he has since abandoned that issue.

common law, malice meant spite or ill will" (*Liberman v Gelstein, supra* at 437 [citations omitted]), whereas constitutional malice required a showing that a defendant "acted with knowledge that [his or] her statements were false or with reckless disregard of whether they were false" (*Sanderson v Bellevue Maternity Hosp., supra* at 890). Accordingly, to overcome this prima facie showing, plaintiff had to establish that " 'malice was the one and only cause for the publication' " (*Liberman v Gelstein, supra* at 439, quoting *Stukuls v State of New York*, 42 NY2d 272, 282 [1977]).

In an effort to make this showing, plaintiff simply restated the allegations of the complaints and further accused defendant, Kelsey and Smith of making these statements for personal reasons, solely "motivated by a bad faith and [a] malicious desire to harm [him] personally." Plaintiff contends that their motivation was to "force [him] out of a position in BCIC . . . [and] take over control of that enterprise for their own personal gain."

In our view, Supreme Court properly found that plaintiff failed to raise a triable issue that these statements were made with common-law or constitutional malice (*see Liberman v Gelstein, supra* at 439),[2] or that the lack of discovery warranted a contrary result; plaintiff failed to identify any information that he sought which would have furthered his defense to this motion (*see* CPLR 3212 [f]) and his mere speculation is not enough (*see Steinborn v Himmel*, 9 AD3d 531, 535 [2004]).

Having reviewed and rejected all further contentions raised by plaintiff regarding the propriety of Supreme Court's dismissal of the prior allegations, we affirm.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.

---

**2.** This finding is in accord with our prior determination of these facts regarding Kelsey wherein we determined that "[a]ll pleaded statements were made in the context of board meetings where there was a common interest, as members of the board, to communicate openly and freely about both the administration and future of the company" (*Lerwick v Kelsey*, 24 AD3d 918, 919 [2005], *supra*).