█ Robert Curren, Appellant, v Carbonic Systems, Inc., et al., Respondents. [872 NYS2d 240]—

Kane, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered April 15, 2008 in Chemung County, which granted defendants' motion for summary judgment dismissing the amended complaint.

Defendant Kathy Casey, president of defendant Carbonic Systems, Inc., terminated plaintiff from his position as Carbonic's service department manager. A few days before plaintiff's employment was terminated, defendant Scott Casey, Carbonic's distribution manager and Kathy Casey's husband, told Kathy Casey that he saw plaintiff loading one of Carbonic's computers into his vehicle. After Kathy Casey called two Carbonic employees and determined that they had not given plaintiff permission to take a computer, she called plaintiff and confronted him with

what Scott Casey had told her. The parties dispute exactly what happened during the telephone call, but all agree that it was tense and involved shouting and foul language. The next work day, Scott Casey handed plaintiff a termination letter written by Kathy Casey, which stated the reason for plaintiff's termination as his "continuing lack of organizational skills and inability to work well with other departments within the company."

Contending that defendants told others that he stole a computer and was fired for stealing, plaintiff commenced this action alleging defamation, breach of contract, tortious interference with contract and tortious interference with business relations. Defendants moved for summary judgment dismissing the amended complaint. Despite finding questions of fact regarding whether the Caseys published defamatory statements, Supreme Court found that the statements to Carbonic employees were protected by the qualified common interest privilege and all claims against Carbonic were barred by the Workers' Compensation Law. The court found no evidence that any defendant published defamatory statements to Daniel Dimon, a prospective employer. The court dismissed the contract-related claims because it found that plaintiff was an at-will employee, and also dismissed the claim for tortious interference with business relations. Plaintiff appeals.

Supreme Court properly determined that Kathy Casey's statements to Carbonic employees fell within the common interest privilege, but improperly dismissed the defamation cause of action against Scott Casey. A qualified privilege arises when an individual makes a good faith statement upon a subject in which both the communicator and the receiver of the information have a corresponding interest (*see Lerwick v Krna*, 29 AD3d 1206, 1208 [2006], *lv denied* 7 NY3d 712 [2006]; *Grier v Johnson*, 232 AD2d 846, 847 [1996]). This common interest includes statements to fellow employees on a subject concerning the employer (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Lerwick v Krna*, 29 AD3d at 1208; *Roberts v Oellrich & Behling*, 223 AD2d 860, 860 [1996]). As the communications to Carbonic employees concerned potentially unauthorized removal of company property, plaintiff bore the burden of demonstrating that the Caseys spoke with actual malice (*see Lerwick v Krna*, 29 AD3d at 1208; *Roberts v Oellrich & Behling*, 223 AD2d at 860-861). Malice includes spite, ill will, knowledge that the statements are false or reckless disregard as to whether they are false (*see Lerwick v Krna*, 29 AD3d at 1209). Spite and ill will refer to the speaker's motivation for making the allegedly defamatory comments, not to the defendant's general feelings about the plaintiff (*see Liber-*

*man v Gelstein*, 80 NY2d at 439; *Grier v Johnson*, 232 AD2d at 848). "Thus, a triable issue is raised only if a jury could reasonably conclude that 'malice was the one and only cause for the publication' " (*Liberman v Gelstein*, 80 NY2d at 439, quoting *Stukuls v State of New York*, 42 NY2d 272, 282 [1977]; *see Grier v Johnson*, 232 AD2d at 848).

Defendants did not physically investigate to see whether any company computers were missing, but that alone does not prove actual malice (*see Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d 786, 793 [1995]; *Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 890 [1999]). Scott Casey avers that he personally saw plaintiff removing a computer, and Kathy Casey relied on this first-hand information relayed to her by her husband, who was also a corporate director and manager. Several of the alleged defamatory statements were made in the course of an investigation to see whether plaintiff had authority to remove company property. Plaintiff's allegations of malice are addressed only to Scott Casey, not Kathy Casey. Without proof of malice, the qualified common interest privilege protects the statements made by Kathy Casey to Carbonic employees. Because Carbonic is alleged to be liable under the theory of respondeat superior, the privilege for these statements precludes liability against the corporate defendant as well (*see Sanderson v Bellevue Maternity Hosp.*, 259 AD2d at 892).

As for Scott Casey, plaintiff provided proof that Scott Casey bore him personal animosity related to plaintiff's prior intimate relationship with Kathy Casey. Plaintiff also provided some proof that Scott Casey would not have been able to see what plaintiff was loading into his vehicle, and that the paint boxes, which plaintiff claims to have been loading into the vehicle, looked nothing like the computer he allegedly was seen taking. This evidence created an issue of fact as to whether Scott Casey intentionally and maliciously told Kathy Casey false information to bring about plaintiff's termination. Thus, Scott Casey was not entitled to summary judgment on the defamation causes of action. As no allegedly defamatory statement was made by Scott Casey to anyone outside the corporation, the corporate defendant cannot be held liable for statements he made to the corporation's other directors and employees.

Aside from plaintiff's rank speculation as to why he failed to obtain a position with Dimon—namely that defendants must have informed Dimon that plaintiff was fired for stealing a computer—the defamation cause of action based upon that alleged publication is unfounded. The record contains sworn statements from Kathy Casey and Scott Casey averring that they did not

speak to Dimon. In addition, Dimon averred that he did not speak to any defendant or their employees regarding plaintiff, and the reason he did not offer plaintiff employment was because the company had no openings. That cause of action was properly dismissed for lack of proof.

Defendants could terminate plaintiff's employment for any reason, because he was an at-will employee. Unless an employment agreement establishes a fixed duration, the employment is presumed to be at will, terminable at any time by either party (*see Rooney v Tyson*, 91 NY2d 685, 689 [1998]; *Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]). Where an individual enters into an employment contract for one year at an annual salary and continues in that employment after the year ends, an inference arises that the parties intended the contract to renew for another year (*see Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d 173, 177 [2008]; *Cinefot Intl. Corp. v Hudson Photographic Indus.*, 13 NY2d 249, 252 [1963]). This common-law presumption "can be rebutted by demonstrating that the parties did not intend to allow a contract to renew automatically" (*Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d at 177; *see Borne Chem. Co. v Dictrow*, 85 AD2d 646, 648 [1981]).

According to the August 1996 letter offering plaintiff the position of service department manager, the employment contract was good for one year. Under the common-law presumption, that contract automatically renewed when plaintiff continued his employment in the same position at the end of that one-year term. The contract did not automatically renew a second time, however. In July 1998, Carbonic issued a new employee handbook. Plaintiff acknowledged receiving that handbook which, while noting that it did not supersede any existing contracts, clearly stated that employment was at will and terminable by either party at any time. Although the handbook did not supercede the contract that was in place due to renewal in August 1997, the handbook's at-will language clearly evinced Carbonic's intention not to renew the employment contract again. Similarly, the several salary increases instituted at times other than in August of each year constituted changes in material terms of the contract, further supporting the finding that the parties did not intend the contract to automatically renew (*see Geller v Reuben Gittelman Hebrew Day School*, 34 AD3d 730, 731 [2006]; *see also Cinefot Intl. Corp. v Hudson Photographic Indus.*, 13 NY2d at 253). Thus, the renewed contract expired in August 1998, at which time plaintiff became an at-will employee. In 2005, there was no contract in effect for

*Carbonic* to breach, nor could the Caseys have interfered with plaintiff's contractual relations.

Plaintiff's cause of action for tortious interference with business relations cannot survive, as it is merely a repetition of his defamation claims (*see Demas v Levitsky*, 291 AD2d 653, 658 [2002], *lv dismissed* 98 NY2d 728 [2002]). His remaining arguments have been reviewed and are without merit.

Peters, J.P., Rose and Kavanagh, JJ., concur; Spain, J., not taking part. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the first and second causes of action against defendant Scott Casey; motion denied to that extent; and, as so modified, affirmed.