FRANCIS J. ROCHE, Appellant, v CLAVERACK COOPERATIVE INSURANCE COMPANY et al., Respondents. [874 NYS2d 592]—

Kane, J. Appeal from an order of the Supreme Court (Donohue, J.), entered September 10, 2008 in Columbia County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

For approximately 25 years, defendant Claverack Cooperative Insurance Company retained plaintiff as an attorney to represent its insureds. In one such wrongful death matter, a jury rendered a verdict finding Claverack's insureds 75% liable on a $4,206,780 judgment. Claverack retained counsel, who wrote to Zurich Insurance Company—plaintiff's professional liability insurance carrier—regarding a potential claim due to plaintiff's alleged failure to keep Claverack apprised of the progression of the wrongful death matter and failure to settle the matter within Claverack's policy limits. The letter sought Zurich's con-

tribution to a postjudgment settlement in the wrongful death matter. Counsel attached to the letter six memoranda that defendants allege were contemporaneous memorializations of telephone conversations between plaintiff and defendants Maureen Hess and Katherine Buckley, who are officers and directors of Claverack. Plaintiff contends that the memoranda were fabricated to compel Zurich to contribute to the settlement, which Zurich offered to do.

After Zurich declined to renew plaintiff's policy, plaintiff commenced this action seeking damages for defamation, defamation per se, injurious falsehood, prima facie tort, intentional infliction of emotional distress, fraud and conspiracy.* Defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved to disqualify defendants' counsel and opposed defendants' motion on the merits and as premature because no answer had been served. Defendants cross-moved seeking an order nunc pro tunc curing their failure to serve an answer. Supreme Court determined that no nunc pro tunc order was necessary, granted defendants' motion dismissing the complaint and denied plaintiff's cross motion as moot. On plaintiff's appeal, we modify and reinstate certain causes of action.

Initially, Supreme Court did not err in considering the motion for summary judgment despite defendants' failure to first serve an answer. While a motion for summary judgment is not authorized by statute until issue has been joined (*see* CPLR 3212 [a]; *Berle v Buckley*, 57 AD3d 1276, 1277 [2008]), the court could consider the motion because "the parties charted their own procedural course and treated defendants' summary judgment motion as if issue had indeed been joined" (*Ryan v Bettiol*, 211 AD2d 844, 845 [1995]; *see Kline v Town of Guilderland*, 289 AD2d 741, 741 n [2001]; *cf. Yule v New York Chiropractic Coll.*, 43 AD3d 540, 541-542 [2007]).

Supreme Court erred in granting defendants summary judgment dismissing the defamation causes of action. To constitute defamation, plaintiff must prove that defendants made a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation per se (*see Dillon v City of New York*, 261 AD2d 34, 38 [1999]). Plaintiff contends that defendants intentionally fabricated the memoranda to contain numerous false state-

---

\* While the complaint seems to address statements in counsel's letter to Zurich as well as the memoranda written by Hess and Buckley, on appeal plaintiff limits his argument to the memoranda.

ments. The memoranda purportedly describe conversations concerning the trial in the wrongful death matter, implying that plaintiff did not convey settlement offers or attempt to settle within the policy limits. These statements were published to Zurich suggesting that plaintiff committed malpractice, thus implicating his business reputation. If the memoranda were fabricated, they were not conveyed with good faith as required for the common interest privilege to apply (cf. *Lerwick v Krna*, 29 AD3d 1206, 1208 [2006], *lv denied* 7 NY3d 712 [2006]; *Demas v Levitsky*, 291 AD2d 653, 661 [2002], *lv dismissed* 98 NY2d 728 [2002]). Plaintiff sufficiently asserted special damages, including that he was required to pay a deductible under his malpractice insurance policy and pay a higher premium to a new company when Zurich declined to renew his policy due to this claim (*compare Stanton v Carrara*, 28 AD3d 642, 642 [2006]). Any dispute concerning the causal relationship between the claim and these damages is a factual question. Because questions of fact exist concerning the elements of defamation, the court improperly dismissed plaintiff's two defamation causes of action.

Questions of fact preclude a grant of summary judgment dismissing the injurious falsehood cause of action. On that cause of action, plaintiff alleges that defendants conveyed false statements with an intent to harm plaintiff, and plaintiff was harmed due to those statements (*see Gilliam v Richard M. Greenspan, P.C.*, 17 AD3d 634, 635 [2005]; *Hirschhorn v Town of Harrison*, 210 AD2d 587, 588 [1994]). As previously noted, plaintiff sufficiently asserted special damages. Plaintiff contends that Hess and Buckley included false statements in the memoranda concerning phone conversations in which plaintiff was a participant, with the intent to force plaintiff or his insurance company to contribute to the settlement. Hess and Buckley averred that the memoranda accurately memorialized those conversations. This conflict creates a credibility question which cannot be resolved on affidavits, making summary judgment inappropriate.

Prima facie tort is established where a defendant intentionally inflicts harm, without excuse or justification, through acts that would otherwise be lawful, and special damages are suffered (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]). To establish this cause of action, plaintiff contends that defendants fabricated the memoranda to obtain money from plaintiff and Zurich. If the memoranda are legitimate, defendants are protected by the defense of truth. If they are false, plaintiff cannot establish the elements of prima facie tort

because providing false statements to obtain money is not otherwise lawful. Thus, regardless of any factual question concerning the legitimacy of the memoranda, the prima facie tort cause of action was properly dismissed.

Fraud is established where a defendant knowingly misrepresents a material fact, someone justifiably relies upon that misrepresentation and the plaintiff is thereby injured (*see Scaturro v Sutera*, 57 AD3d 1283, 1283 [2008]; *Cohen v Colistra*, 233 AD2d 542, 542-543 [1996]). Similar to his other causes of action, plaintiff contends that defendants purposely falsified the memoranda to induce plaintiff and Zurich to contribute to the settlement in the wrongful death matter. There is a question of fact as to whether, if the memoranda did constitute misrepresentation of material facts, Zurich justifiably relied on the memoranda or conducted its own investigation which led it to contribute to the settlement. Due to this factual question, summary judgment was inappropriate on the fraud cause of action.

Due to plaintiff's failure to present medical evidence of severe emotional distress, defendants were entitled to dismissal of plaintiff's speculative cause of action for intentional infliction of emotional distress (*see Walentas v Johnes*, 257 AD2d 352, 353 [1999], *lv dismissed* 93 NY2d 958 [1999]; *Christenson v Gutman*, 249 AD2d 805, 809 [1998]; *Augat v State of New York*, 244 AD2d 835, 837 [1997], *lv denied* 91 NY2d 814 [1998]). As New York does not recognize an independent cause of action for civil conspiracy to commit a tort, that claim was properly dismissed (*see Salvatore v Kumar*, 45 AD3d 560, 563-564 [2007], *lv denied* 10 NY3d 703 [2008]; *Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424, 425 [2006]).

Hess and Buckley argue that they cannot be individually liable under any cause of action, as they drafted the memoranda as agents of Claverack. If they fabricated the memoranda, as plaintiff claims, they were presumably acting outside their employment. As officers and directors of Claverack, they possibly stood to personally benefit from a settlement of the wrongful death claim. Thus, we do not grant summary judgment to the individual defendants in their personal capacities.

We must now address plaintiff's cross motion to disqualify defendants' counsel, as that issue is no longer moot. An attorney shall withdraw from representation if the attorney "ought to be called as a witness," i.e., if the attorney's testimony is necessary (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 444 [1987]; *Burdett Radiology Consultants v Samaritan Hosp.*, 158 AD2d 132, 134 [1990]).

In his affidavit, defendants' counsel made his testimony relevant, and possibly necessary, by stating that the memoranda were in Claverack's file when he first reviewed it, months prior to the time when plaintiff alleges that the memoranda were fabricated. Thus, as counsel's testimony may be necessary to address the legitimacy of the memoranda, plaintiff's cross motion should be granted.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment on the first, second, third and sixth causes of action and as denied plaintiff's cross motion to disqualify defendants' counsel; defendants' motion denied to said extent, plaintiff's cross motion granted and defendants' counsel disqualified; and, as so modified, affirmed.