■ RUSSELL T. DICKSON, Appellant-Respondent, v POLLY SLEZAK et al., Respondents, and EDWARD S. LOMANTO et al., Respondents-Appellants, et al., Defendants. [902 NYS2d 206]—

Stein, J. Cross appeals from an order of the Supreme Court (Aulisi, J.), entered May 7, 2009 in Fulton County, which, among other things, granted certain defendants' motions to dismiss the complaint and/or for summary judgment.

Plaintiff previously held real estate broker licenses, individually and on behalf of his corporation.[1] After hearing rumors in early 2007 that other real estate brokers and attorneys were disparaging him, plaintiff hired a licensed private investigator to confirm such rumors. The private investigator, Allen Hills, posing as a potential seller of real estate interested in listing property with plaintiff or as a potential buyer interested in purchasing property through plaintiff, met with various individuals and taped his conversations with them. Plaintiff then commenced this action against defendants alleging defa-

1. Both licenses were the subject of complaints brought by the Division of Licensing Services of the Department of State. The first complaint resulted in the issuance of fines. The second resulted in the revocation of the licenses, although plaintiff maintains that he resigned and surrendered them prior to their revocation.

mation, emotional distress and trauma[2] based on their statements to Hills.

Supreme Court granted motions to dismiss and/or for summary judgment made by various defendants and summarily dismissed the complaint as against all defendants pursuant to CPLR 3212 (b). Plaintiff now appeals and defendants Edward S. Lomanto, Patricia Sherman and Realty USA-Capital District Agency, Inc. cross-appeal insofar as Supreme Court's order failed to grant their requests for an award of sanctions and counsel fees.

We affirm. As the movants for summary judgment, defendants bear the initial burden of demonstrating their entitlement to judgment as a matter of law; only upon such showing does the burden shift to plaintiff to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324, 326 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]).[3] A claim of defamation requires proof that the defendant made "a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation per se" (Roche v Claverack Coop. Ins. Co., 59 AD3d 914, 916 [2009]; see Dillon v City of New York, 261 AD2d 34, 37-38 [1999]).

Here, defendants do not deny making the statements in question. However, such statements are not actionable for a number of reasons. The majority of the statements made by defendants were statements of opinion and, therefore, are deemed to be privileged (see Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US —, 129 S Ct 1315 [2009]; Weiner v Doubleday & Co., 74 NY2d 586, 593 [1989], cert denied 495 US 930 [1990]; Versaci v Richie, 30 AD3d 648, 648 [2006], lv denied 7 NY3d 710 [2006]). Furthermore, plaintiff's name did not become part of any conversation with defendants unless and until Hills inquired

---

2. Plaintiff has abandoned the claims for emotional distress and trauma on appeal.

3. We recognize that there are different standards for reviewing a motion to dismiss and a motion for summary judgment (see CPLR 3026, 3211, 3212; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Alvarez v Prospect Hosp., 68 NY2d at 324, 326; Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1068). However, where, as here, at least one party has moved for summary judgment, Supreme Court may search the record and grant summary judgment even as to parties who have not moved for such relief (see CPLR 3212 [b]; Perkins v Kapsokefalos, 57 AD3d 1189, 1191 [2008], lv denied 12 NY3d 705 [2009]; Schultes v Kane, 50 AD3d 1277, 1278 [2008]).

about plaintiff's ethics and business methods. Only then did defendants make any comment with regard to plaintiff. To the extent the statements complained of were factual, they are subject to the complete defense that, because plaintiff hired Hills to garner what he had every reason to anticipate would be defamatory comments from defendants, he implicitly consented to the publication of such comments (*see LeBreton v Weiss*, 256 AD2d 47, 47 [1998]; *Handlin v Burkhart*, 220 AD2d 559, 559 [1995]; *Park v Lewis*, 139 AD2d 961, 962 [1988]). Notably, there is no proof of publication of defamatory statements by these defendants to any other persons.

In addition, defendants demonstrated the existence of a qualified privilege in that they had a good faith bona fide interest in the statements they were making (*see Curren v Carbonic Sys., Inc.*, 58 AD3d 1104, 1106 [2009]; *Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 889 [1999]) because many of the questions asked by Hills, while posing as a purchaser or seller inquiring about real estate and legal services, required defendants to compare their services to services provided by plaintiff. Plaintiff failed to overcome the qualified privilege with proof that defendants spoke with actual malice (*see Sanderson v Bellevue Maternity Hosp.*, 259 AD2d at 890). Plaintiff also failed to demonstrate the falsity of any of the statements (*see Roche v Claverack Coop. Ins. Co.*, 59 AD3d at 916). In fact, many of the statements are consistent with the findings made by the Department of State.

Turning to the cross appeals, we disagree with the contentions of Lomanto, Sherman and Realty USA that Supreme Court's failure to address their motions for sanctions and counsel fees was reversible error. A court's failure to specifically address a motion or a part thereof is equivalent to a denial (*see Matter of Longton v Village of Corinth*, 49 AD3d 995, 995-996 [2008]; *Pyptiuk v Kramer*, 295 AD2d 768, 769 n [2002]; *Geloso v Monster*, 289 AD2d 746, 747 [2001], *lv denied* 98 NY2d 601 [2002]). Moreover, whether to award sanctions or counsel fees is "a matter committed to the trial court's sound discretion" (*Ireland v GEICO Corp.*, 2 AD3d 917, 919 [2003]) based upon the specific facts and circumstances of the case (*see* 22 NYCRR 130-1.1 [a], [b]; *McMahon v Thornton*, 69 AD3d 1157, 1160 [2010]). On the record before us, while plaintiff's arguments are unconvincing, we cannot say that his claims are so clearly frivolous (*see* 22 NYCRR 130-1.1 [c]; *Matter of Garett YY.*, 258 AD2d 702, 704 [1999]; *Stern v Ofori-Okai*, 246 AD2d 807, 809 [1998]) as to warrant a finding that Supreme Court's failure to award sanctions constituted an abuse of discretion.

Plaintiff's remaining contentions have been reviewed and are either academic and/or without merit.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that order is affirmed, without costs.