Fellows v Rosati (2019 NY Slip Op 03508)





Fellows v Rosati


2019 NY Slip Op 03508


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


459 CA 18-01877

[*1]GAIL G. FELLOWS, PLAINTIFF-RESPONDENT,
v
DOLORES ROSATI AND ROCCO ROSATI, DEFENDANTS-APPELLANTS. 






GREGG A. STARCZEWSKI, UTICA, FOR DEFENDANTS-APPELLANTS. 
MARK A. WOLBER, UTICA, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 14, 2017. The order and judgment awarded plaintiff money damages after a nonjury trial. 
It is hereby ORDERED that the order and judgment so appealed from is affirmed without costs.
Memorandum: On appeal from an order and judgment that awarded plaintiff money damages following a nonjury trial, we reject defendants' contention that the evidence is legally insufficient to establish that plaintiff suffered severe emotional distress. Although severe emotional distress is an element of the tort of intentional infliction of emotional distress (see Howell v New York Post Co., 81 NY2d 115, 121 [1993]), Supreme Court properly concluded that plaintiff was not required to present objective medical evidence in order to establish that element of her cause of action (see Zane v Corbett, 82 AD3d 1603, 1608 [4th Dept 2011]).
All concur except Carni, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent. Not all emotional distress is actionable, and thus the tort of intentional infliction of emotional distress requires, inter alia, a showing of "severe emotional distress" (Howell v New York Post Co., 81 NY2d 115, 121 [1993] [emphasis added]). A plaintiff alleging that he or she has sustained severe emotional distress must substantiate that injury, a burden that generally requires the production of medical evidence (see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1152 [3d Dept 2012], lv denied 19 NY3d 801 [2012]; Roche v Claverack Coop. Ins. Co., 59 AD3d 914, 918 [3d Dept 2009]; Millan v City of New York, 16 AD3d 290, 290 [1st Dept 2005]). Here, plaintiff failed to present medical evidence that she sustained an injury or sought medical treatment as a result of defendants' conduct. Although I agree with the majority that medical proof is not required in all cases in order to establish severe emotional distress, in my view this case does not inherently present a "likelihood of genuine and serious mental distress, arising from the special circumstances" (Zane v Corbett, 82 AD3d 1603, 1608 [4th Dept 2011] [internal quotation marks omitted]). Absent medical evidence, therefore, plaintiff's proof here was insufficient to establish that she suffered severe emotional distress and thus insufficient to establish her cause of action (see Cusimano, 91 AD3d at 1152).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court