■ BURNHAM SERVICE CORPORATION et al., Appellants, v NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., et al., Respondents. [732 NYS2d 223] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 5, 1999, which, to the extent appealed from, granted defendants' motions to dismiss the complaint to the extent of dismissing the

complaint as against the non-selling defendants and dismissing the second through eighth causes of action as against the selling defendants and denied the motion for a stay of arbitration by plaintiff American Association of Retired Persons, unanimously affirmed, without costs. Order, same court and Justice, entered January 7, 2000, which denied plaintiffs' motion for a voluntary discontinuance of the action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted. Order, same court and Justice, entered May 11, 2000, which granted defendants' motion to dismiss the allegations of fraudulent concealment asserted in the amended complaint, unanimously reversed, on the law, without costs, and vacated in view of the discontinuance of the action. Order, same court and Justice, entered on or about March 20, 2001, which, *inter alia*, granted defendants' cross motion to dismiss the action with prejudice, unanimously reversed, on the law, without costs, and vacated in view of the discontinuance. Appeal from order, same court and Justice, entered September 14, 2000, which denied plaintiffs' motion to amend their complaint to delete the class action allegations contained therein, unanimously dismissed, without costs, as moot.

In this lawsuit challenging the insurance industry's practices in setting premiums for workers' compensation coverage, the motion court appropriately granted defendants' motions to the extent of dismissing plaintiffs' second through eighth causes of action, and entirely dismissing the matter against the non-selling defendants and defendant National Council on Compensation Insurance, and appropriately denied plaintiff American Association of Retired Persons (AARP) a stay of arbitration. As plaintiffs now readily concede, there is insufficient proof of any conspiracy or wrongdoing in the setting of rates for workers' compensation policies by any of the defendants. Moreover, as to plaintiff AARP, their policy contains an arbitration clause applicable to the instant dispute.

However, the court erred in declining to permit plaintiffs voluntarily to discontinue their action. CPLR 3217 (b) authorizes a court to grant a motion for voluntary discontinuance "upon terms and conditions, as the court deems proper." While the determination upon such an application is generally within the sound discretion of the court (*see, Tucker v Tucker*, 55 NY2d 378, 383), a party ordinarily cannot be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, a discontinuance should be granted (*see, Tucker v Tucker, supra*, at 383; *Christenson v Gutman*, 249 AD2d 805,

806). No special circumstances have been shown here, especially since the action is still in the pleading stage. Since the action should, therefore, have been terminated through voluntary discontinuance in the appealed order entered January 7, 2000, the motion court's subsequent orders purporting to dismiss plaintiffs' remaining causes with prejudice should be reversed and vacated. Concur—Sullivan, P. J., Nardelli, Ellerin, Rubin and Friedman, JJ.