■ In the Matter of MONROE SQUARE ASSOCIATES, L.P., Appellant, v BOARD OF ASSESSORS et al., Respondents. [803 NYS2d 844]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 1, 2004. The order denied the motion for an order confirming that the settlement of the subject tax assessment review proceeding is subject to the terms of RPTL 727 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is dismissed.

Memorandum: Petitioner commenced this proceeding in 2000 challenging the tax assessment on its property for the tax year 2000-2001. The parties reached a "proposed settlement" in 2004, reducing the assessment for that tax year contingent upon a final judicial determination that RPTL 727 does not apply to render that assessment applicable for the three years subsequent to the tax year 2000-2001, i.e., 2001-2002 through 2003-2004. The proposed settlement further provided that the settlement would be null and void should it be determined that RPTL 727 applies and that the assessed valuation set forth in the proposed settlement shall be changed for such property for the following three assessment rolls. Supreme Court issued an order (hereafter, proposed order) setting forth the terms of the proposed settlement and directing that "[t]his settlement is made subject to a determination of the applicability of [RPTL 727]." The proposed order further directed that it "shall not be filed in the Monroe County Clerk's office . . . and shall not be deemed final" until the applicability of RPTL 727 is determined.

Petitioner thereafter moved for "an order confirming that the settlement of the subject tax assessment review proceeding is subject to the terms of" RPTL 727 (1). Petitioner appeals from an order denying its motion. We reverse the order and dismiss the motion.

"The courts of New York do not issue advisory opinions for the fundamental reason that in this State '[t]he giving of such opinions is not the exercise of the judicial function' " (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]). We conclude herein that, were we to reach the merits of petitioner's motion, we thereby would be rendering an advisory opinion. RPTL 727 (1) provides that it applies only to a "final court order or judgment," and the proposed order approving the settlement herein expressly provided that it "shall not be deemed final" until the issue of the applicability of RPTL 727 (1) is "finally determined (i.e., after exhausting all judicial review)." Because there is no "final court order or judgment" reducing the assessment for the tax year 2000-2001 (RPTL 727 [1]), the issue concerning the applicability of RPTL 727 (1) to the following three tax years is not properly before us. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.