Order, Supreme Court, New York County (Paul Wooten, J.), entered November 5, 2012, which denied plaintiffs motion to voluntarily discontinue the action without prejudice and cancel a lis pendens, and granted defendant Frank Douglas’s cross motion to compel disclosure, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the cross motion denied.
The court erred in declining to permit plaintiff to voluntarily discontinue the action. CPLR 3217 (b) authorizes a court to grant a motion for voluntary discontinuance “upon terms and conditions, as the court deems proper.” While the determination upon such an application is generally within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383 [1982]), a party ordinarily cannot be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, a discontinuance should be granted (see Burnham Serv. Corp. v National Council on Compensation Ins., 288 AD2d 31 [1st Dept 2001]). No special circumstances have been shown here, especially since the action is still in the early stages of litigation. Nor was there any showing that plaintiff sought the discontinuance only to avoid an adverse determination in this action (see Gonzalez v Kaye, 58 AD3d 578 [1st Dept 2009]). Since we are granting plaintiff’s motion, the cross motion to compel discovery must be denied. Concur — Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ.