Alston v Divine Bros. Co. (2022 NY Slip Op 01629)





Alston v Divine Bros. Co.


2022 NY Slip Op 01629


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


43 CA 21-00257

[*1]ERIC SEAN ALSTON, JR., PLAINTIFF-APPELLANT,
v
DIVINE BROTHERS COMPANY, DEFENDANT, PCC AIRFOILS, LLC, AND NHVS INTERNATIONAL, INC., DEFENDANTS-RESPONDENTS. 






WEITZMAN LAW OFFICES, L.L.C., NEW YORK CITY (RAPHAEL WEITZMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ADDELMAN CROSS & BALDWIN, PC, BUFFALO (JESSE B. BALDWIN OF COUNSEL), FOR DEFENDANT-RESPONDENT PCC AIRFOILS, LLC. 
BRESSLER, AMERY & ROSS, P.C., NEW YORK CITY (JORKEELL ECHEVERRIA OF COUNSEL), FOR DEFENDANT-RESPONDENT NHVS INTERNATIONAL, INC.


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered February 9, 2021. The order, inter alia, discontinued the action with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when his right hand was allegedly pulled into a finishing machine, partially amputating three fingers. At the time of the incident, plaintiff, an employee of defendant NHVS International, Inc. (NHVS), was operating the machine in an NHVS facility. Defendant Divine Brothers Company (Divine) allegedly manufactured the machine and sold it to defendant PCC Airfoils, LLC (PCC), which allegedly sold or leased the machine to NHVS. Defendants each moved to dismiss the complaint against them. Defendants asserted, inter alia, that plaintiff's claims were barred by collateral estoppel inasmuch as Supreme Court, Bronx County, had dismissed another personal injury action commenced by plaintiff relating to the same incident and injuries on the ground of forum non conveniens. Thereafter, plaintiff attempted to discontinue the instant action without prejudice by stipulation, but defendants refused to stipulate to the discontinuance. Plaintiff moved for a court order of discontinuance without prejudice pursuant to CPLR 3217 (b). Supreme Court effectively granted the motion insofar as it sought a discontinuance, but directed that the action be discontinued with prejudice. Plaintiff now appeals.
The determination whether to grant a plaintiff's motion for an order of discontinuance rests within the court's sound discretion (see Tucker v Tucker, 55 NY2d 378, 383 [1982]; see also White v County of Erie [appeal No. 2], 309 AD2d 1299, 1300 [4th Dept 2003]). If the court grants the discontinuance, the court can set the "terms and conditions" of the discontinuance, "as the court deems proper" (CPLR 3217 [b]). Under the circumstances of this case, the court properly denied plaintiff's motion insofar as it sought the discontinuance of this action without prejudice. We conclude that plaintiff's motion to that extent was an apparent attempt to evade the consequences of an adverse order on defendants' pending motions to dismiss (see Turner v Ritter, 293 AD2d 404, 404 [1st Dept 2002]; NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319, 319 [1st Dept 1997]).
We decline to address the merits of plaintiff's remaining contentions inasmuch as we [*2]thereby would be rendering an advisory opinion (see generally Matter of Monroe Sq. Assoc., L.P. v Board of Assessors, 23 AD3d 985, 986 [4th Dept 2005]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court