**Wilmington Trust, N.A. v 597 Scribner LLC**

2024 NY Slip Op 31238(U)

April 10, 2024

Supreme Court, New York County

Docket Number: Index No. 650806/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------------X

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS
TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF
COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, ACTING
BY AND THROUGH ITS SPECIAL SERVICER, and LNR
PARTNERS LLC,

|  |  |
|---|---|
| **INDEX NO.** | 650806/2023 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 004 |

Plaintiff,

- v -

**DECISION + ORDER ON
MOTION**

597 SCRIBNER LLC, JOSEPH J. SITT, NOUVEAU
ELEVATOR INDUSTRIES, LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE, and JOHN
DOES,

Defendants.

-------------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 165, 166, 176, 177

were read on this motion to/for _____ JUDGMENT - DEFAULT _____ .

In motion seq. no. 005, plaintiff moves , pursuant to CPLR 3215, for (1) a default judgment against defendants 597 Scribner LLC, Nouveau Elevator Industries, LLC, the New York City Environmental Control Board, the New York City Department of Finance, and the New York State Department of Taxation and Finance on its claim to foreclose on the mortgage; (2) attorneys' fees, costs and expenses as provided for under the Loan Documents; (3) appointment of a referee to ascertain and compute the amount due under the loan at issue, pursuant to RPAPL § 1321; and (4) amendment of the caption to remove defendants "John Doe #1-50."

**650806/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL
SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No. 004**

**Page 1 of 9**

1 of 9

**Background**

This action concerns the foreclosure of a mortgage lien on 597-599 Fifth Avenue, New York, NY 10017 and 3 East 48th Street, New York, NY 10017 (Property).  On June 5, 2014, nonparty and original lender UBS Real Estate Securities Inc. (UBS) made a loan to defendant 597 Scribner LLC (Scribner) in the principal amount of $105,000,000 (Loan); in connection with the Loan, UBS and Scribner entered in a Consolidated, Amended and Restated Promissory Note (Note).  (NYSCEF Doc. No. [NYSCEF] 119, Complaint ¶¶ 11-12; NYSCEF 120, Note.)  The Loan is secured by a Consolidated, Amended and Restated Mortgage and Security Agreement (Mortgage), encumbering the Property; the Mortgage was recorded in the land records of the City Register of New York (CRFN 2014000202214).  (*Id.* ¶¶ 15-18; NYSCEF 121, Mortgage.)  UBS and Scribner also entered into an Assignment of Leases and Rents (ALR), which was recorded in the land records of the City Register of New York (CRFN 2014000202215). (*Id.* ¶¶ 20, 23; NYSCEF 122, ALR.)  On July 31, 2014, UBS transferred its interest in the Note to plaintiff.  (*Id.* ¶ 34; NYSCEF 120, Note at 11 [Allonge].)  UBS also transferred its interests in the Mortgage and ALR to plaintiff.  (*Id.* ¶¶ 37, 40; NYSCEF 125, Mortgage Assignment; NYSCEF 126, ALR Assignment.)  Pursuant to a General Assignment, UBS assigned to plaintiff "all right, title and interest of [UBS] in and to the Loan (as defined below) and all other agreements, including but not limited to guaranty agreements, and certificates and documents entered into or delivered in connection with the Loan (as the same may have been amended, modified, restated, supplemented, renewed or extended)." (NYSCEF 127, General Assignment.)

650806/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No.  004

Page 2 of 9

2 of 9

On May 11, 2020, due to defaults, plaintiff, Scribner, and defendant Joseph J. Sitt, as Guarantor, entered into a Loan Modification Agreement, effective April 6, 2020. (NYSCEF 129, Loan Modification Agreement.)  Plaintiff alleges that, despite the loan modification, Scribner has been in default since August 2020 and has failed to cure the past due amounts owed as specified in plaintiff's demand notice.  (NYSCEF 119, Complaint ¶¶ 56-67.)

On February 10, 2023, plaintiff filed a summons and complaint against Scribner, Joseph J. Sitt, Nouveau Elevator Industries, LLC, the New York City Environmental Control Board, the New York City Department of Finance, and the New York State Department of Taxation and Finance and John Doe Nos. 1 through 50.  (NYSCEF 1, Summons; NYSCEF 2, Complaint.)  Plaintiff served the summons and complaint on 597 Scribner LLC, Nouveau Elevator Industries, LLC, the New York City Department of Finance, and the New York State Department of Taxation and Finance on February 15, 2023 and on Sitt and the New York City Environmental Control Board on February 16, 2023.  (*See* NYSCEF 16-21, Affidavits of Service.)  To date, the defendants have failed to answer.  Scribner and Sitt have appeared by counsel, Alan Zuckerbrod.  (NYSCEF 53, Notice of Appearance.)  In response to this motion, Scribner and Sitt submitted a response whereby they inform the court that Scribner and Sitt do not object to a default against the specific parties named in the Notice of Motion (defendants Scribner, Nouveau Elevator Industries, LLC, the New York City Environmental Control Board, the New York City Department of Finance, and the New York State Department of Taxation and Finance).  (NYSCEF 166, Zuckerbrod aff.)  However, Scribner and Sitt inform the court that no claims are asserted against Sitt and he was only named to preserve

650806/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No.  004

Page 3 of 9

3 of 9

plaintiff's right "to seek and adjudicate a deficiency judgment against [Sitt as] Guarantor ... for which he may be liable...under the Guaranty. (*Id.*; NYSCEF 119, Complaint ¶ 3.)

**Discussion**

"On a motion for a default judgment under CPLR 3215 based upon a failure to answer the complaint, a plaintiff demonstrates entitlement to a default judgment against a defendant by submitting: (1) proof of service of the summons and complaint; (2) proof of the facts constituting its claim; and (3) proof of the defendant's default in answering or appearing." (*Medina v Sheng Hui Realty LLC*, 2018 WL 2136441, *6-7 [Sup Ct, NY County 2018] [citations omitted].)

CPLR 3215 (f) requires a plaintiff to submit "proof of the facts constituting the claim, the default and the amount due . . . by affidavit made by the party." "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party's attorney." (CPLR 3215 [f].) Plaintiff submits the affidavit of Dmitry Sulsky, an asset manager with LNR Partners LLC, which is the special servicer for the loan at issue; Sulsky avers that he has personal knowledge of the loan because he has been overseeing its administration and servicing. (NYSCEF 118, Sulsky aff ¶¶ 1-2.)

Scribner and Sitt

Scribner, through its counsel, does not oppose this motion. Thus, a default judgment is granted against defendant Scribner. As to defendant Sitt, plaintiff is not moving for a default against him.

650806/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL
SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No. 004

Page 4 of 9

4 of 9

<u>Nouveau Elevator Industries, LLC</u>

*Proof of Service*

Plaintiff served Nouveau, via the New York Secretary of State, in accordance with LLC Law § 303.  (NYSCEF 18, Aff of Service.)  "[P]laintiff did not need to demonstrate [its] compliance with the additional notice requirement of CPLR 3215 (g) (4).  By its express terms, the notice requirement is limited to situations where a default judgment is sought against a 'domestic or authorized foreign corporation' which has been served pursuant to Business Corporation Law § 306 (b), and does not pertain to a limited liability company... ."  (Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 939 [2d Dept 2018] [internal quotation marks and citations omitted].)

*Proof of Claim*

"RPAPL 1311 (3) also provides, in relevant part, that a party seeking to foreclose on a mortgage must join '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff' as a party defendant."  (*RREF IV - D DLI GS, LLC v HFZ E. 51st St. Retail Owner LLC*, 79 Misc 3d 1201[A], 2023 NY Slip Op 50510[U], *4 [Sup Ct, NY County 2023].)  Here, plaintiff alleges that Nouveau has a lien on the property which is subordinate to the Mortgage lien.  (NYSCEF 119, Complaint ¶ 4.)  Plaintiff has also established that the mechanic's lien filed by Nouveau is post-date (6/10/2022) and subordinate to the mortgage recorded on June 12, 2014.  (*RREF IV - D DLI GS, LLC v HFZ E. 51st St. Retail Owner LLC*, 79 Misc 3d 1201[A], 2023 NY Slip Op 50510[U], *4; NYSCEF 141, Title Report.)  Thus, plaintiff has demonstrated proof of its claim against Nouveau.

650806/2023  WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL
SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No.  004

Page 5 of 9

5 of 9

[* 5]

*Proof of Default*

Nouveau has not answered (or otherwise appeared) in this action. (NYSCEF 134, Kapoor aff ¶ 11.)

New York City Environmental Control Board

*Proof of Service*

Plaintiff served the Environmental Control Board in accordance with CPLR 311 (a)(2). (NYSCEF 19, Aff of Service.)

*Proof of Claim*

Plaintiff alleges that there are violations issued by the Environmental Control Board which may result in subsequent liens against the property. (NYSCEF 119, Complaint ¶ 5; NYSCEF 141, ECB Violations.) Plaintiff has sufficiently alleged that any lien filed by the Environmental Control Board would be post-date and subordinate to the mortgage recorded on June 12, 2014. Thus, plaintiff has demonstrated proof of its claim.

*Proof of Default*

The Environmental Control Board has not answered (or otherwise appeared) in this action. (NYSCEF 134, Kapoor aff ¶ 11.)

NYC Department of Finance and New York State Department of Taxation and Finance

Plaintiff bases its claim against these government agencies "upon information and belief." When the allegations supporting the claim are solely on upon information and belief, the default motion shall be denied. (*Zelnik v Bidermann Indus. U.S.A.,* 242 AD2d 227, 228 [1st Dept 1997].) Plaintiff submits no proof these agencies' interest in the property to support its claim.

**650806/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL
SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No.  004**

**Page 6 of 9**

[* 6]

6 of 9

John Does

Finally, plaintiff seeks to remove John Doe No. 1 to John Doe No. 50 from the caption on the ground that none of these defendants have been identified or served. Upon application to the court, it is within the court's sound discretion to permit plaintiff to voluntarily discontinue the action. (CPLR 3217 [b].) "While the determination upon such an application is generally within the sound discretion of the court, a party ordinarily cannot be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, a discontinuance should be granted." (*Bank of America, National Association v Douglas*, 110 AD3d 452, 452 [1st Dept 2013] [citations omitted].) No special circumstance has been shown here, and thus, the action is discontinued against John Doe No. 1 to John Doe No. 50 and they shall be removed from the caption.

Attorneys' Fees, Costs and Expenses

Pursuant to the Mortgage documents, plaintiff is entitled to attorneys' fees, costs, and expenses as a result of Scribner's default. (NYSCEF 123, Loan Agreement §§ 10.3, 11.13, 11.24; NYSCEF 121, Mortgage §§ 1.3, 9; NYSCEF 129, Modification Agreement § 7.)

Appointment of Referee

Plaintiff seeks appointment of a referee to compute the amount due under the loan documents, including attorneys' fees, costs and expenses.

Real Property and Actions and Proceedings Law § 1321 provides, in relevant part,

"[i]f the defendant fails to answer within the time allowed or the right of the plaintiff is admitted by the answer, upon motion of the plaintiff, the court

**650806/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL Motion No. 004**

**Page 7 of 9**

7 of 9

[* 7]

shall ascertain and determine the amount due, or direct a referee to compute the amount due to the plaintiff and to such of the defendants as are prior incumbrancers of the mortgaged premises, and to examine and report whether the mortgaged premises can be sold in parcels and, if the whole amount secured by the mortgage has not become due, to report the amount thereafter to become due."

Plaintiff's request is granted.

Accordingly, it is

ORDERED that plaintiff's motion for default judgment against defendants 597 Scribner LLC, Nouveau Elevator Industries, LLC, and the New York City Environmental Control Board is granted.; and it is further

ORDERED that portion of the motion seeking a default judgment against defendants the New York City Department of Finance and the New York State Department of Taxation and Finance is held in abeyance. Plaintiff has 30 days from the date of this decision to supplement the record in accordance with the foregoing decision and/or present a legal argument as proof of claim against these defendants; and it is further

ORDERED that the action is discontinued against defendants "John Doe No. 1 to John Doe No. XXX"; and it is further

ORDERED that the action shall bear the following caption:

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, acting by and through its special servicer, LNR Partners LLC

Plaintiff,

- v -

650806/2023 WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No. 004

Page 8 of 9

8 of 9

597 SCRIBNER LLC, JOSEPH J SITT, NOUVEAU
ELEVATOR INDUSTRIES, LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY
DEPARTMENT OF FINANCE, and NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,

Defendants.

and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with

notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who

are directed to mark the court's records to reflect the amended caption; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General

Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol*

*on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible

at the "E-Filing" page on the court's website at the address

(www.nycourts.gov/supctmanh)]; and it is further

ORDERED that plaintiff is entitled to attorneys' fees, costs, and expenses to be

determined by the appointed referee; and it is further

ORDERED that plaintiff shall submit a proposed Order of Reference.

| 4/10/2024 | | | | | ANDREA MASLEY, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

650806/2023   WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, ACTING BY AND THROUGH ITS SPECIAL
SERVICER, LNR PARTNERS LLC vs. 597 SCRIBNER LLC ET AL
Motion No.  004

Page 9 of 9

[* 9]

9 of 9