| Doulos v Vader Servicing, LLC |
|:---:|
| 2026 NY Slip Op 31010(U) |
| March 16, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 653810/2023 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 42M

-----------------------------------------------------------------------------------X

ERI DOULOS,

                            Plaintiff,

                 - v -

VADER SERVICING, LLC D/B/A, VADER MOUNTAIN
CAPITAL,

                        Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653810/2023 |
| **MOTION DATE** | 06/06/2025, 08/04/2025 |
| **MOTION SEQ. NO.** | 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 39, 40, 41, 42, 43, 44, 45, 52, 53, 54

were read on this motion to/for                     DISMISSAL                                      .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 49, 50, 51

were read on this motion to/for                     DISMISSAL                                      .

APPEARANCES:

    Eri Doulos, self-represented plaintiff.

HON. EMILY MORALES-MINERVA, J.S.C.

    On January 10, 2025, this Court granted the order to show cause (mot. seq. no. 03) of non-party movant Victor M. Feraru, Esq. to withdraw as counsel for plaintiff ERI DOULOS (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 35, decision and order, dated January 10, 2026). Therein, this Court stayed the instant action for a period of 60 days to allow plaintiff ERI DOULOS sufficient time to retain new counsel (see id.). Plaintiff failed to do so.

653810/2023  DOULOS, ERI vs. VADER SERVICING, LLC D/B/A, VADER MOUNTAIN CAPITAL,       Page 1 of 4
Motion No.  004 005

1 of 4

Plaintiff, now self-represented, moves (mot. seq. no. 04) (1) for an order dismissing this action without prejudice pursuant to CPLR § 3217 (b); and (2) for a stay of all collections and lien efforts for 30 days by defendant VADER SERVICING, LLC D/B/A VADER MOUNTAIN CAPITAL pursuant to CPLR § 2201 (see NYSCEF Doc. No. 39, notice of motion).

Thereafter, plaintiff filed a second motion (seq. no. 05) seeking relief identical to that requested in motion sequence number 04.

Defendant VADER SERVICING, LLC D/B/A VADER MOUNTAIN CAPITAL does not appear or oppose the motions.

An action may be discontinued upon order of the court and upon terms and conditions, as the court deems proper, before the cause has been submitted to the court or jury to determine the facts (see CPLR § 3217 [b]). "A stipulation signed by all [parties] is not required where a court order [CPLR § 3217 (b)] is sought" (Shepherd v Workmen's Circle Multicare Ctr., 224 AD3d 485 [1st Dept 2024]). "While the authority of a court to grant or to deny an application made to it pursuant to CPLR § 3217 (subd [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted" (Tucker v Tucker, 55 NY2d 378, 382 [1982]; see Bank of Am., Nat. Ass'n v

Douglas, 110 AD3d 452 [1st Dept 2013] [noting that prejudice to adverse parties constitutes special circumstances]; Burnham Serv. Corp. v National Council on Compensation Ins., 288 AD2d 31 [1st Dept 2001]).

No party has opposed the instant motion seeking leave voluntarily to discontinue the action against defendant, nor do any special circumstances exist here (see Bank of Am., Nat. Ass'n, 110 AD3d at 452). Therefore, the discontinuance is granted.

However, a stay may only be granted in an action that is pending (see CPLR § 2201 ["the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just"] [emphasis added]).  Given that this action is discontinued, the Court cannot grant a stay of collections and lien efforts by defendant.

Accordingly, it is hereby

ORDERED that plaintiff's motion (seq. no. 04) to discontinue this action pursuant to CPLR § 3217 (b) is granted without opposition; it is further

ORDERED that the instant action is dismissed without prejudice; it is further

ORDERED that plaintiff's motion (seq. no. 04) to stay all collections and lien efforts for 30 days by defendant VADER

653810/2023   DOULOS, ERI vs. VADER SERVICING, LLC D/B/A, VADER MOUNTAIN CAPITAL,     Page 3 of 4
Motion No.  004 005

3 of 4

SERVICING, LLC D/B/A VADER MOUNTAIN CAPITAL is denied; it is

further

     ORDERED that plaintiff's motion (seq. no. 05) is dismissed,

as moot; and it is further

     ORDERD that the Clerk of Court shall mark the file

accordingly.

| | | | | | |
|---|---|---|---|---|---|
| **3/16/2026** | | | | | |
| **DATE** | | | | | |
| **CHECK ONE:** | X CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653810/2023  DOULOS, ERI vs. VADER SERVICING, LLC D/B/A, VADER MOUNTAIN CAPITAL,    Page 4 of 4
Motion No.  004 005

4 of 4